**Samuel MONROE, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 5, 1998.

Decided Feb. 8, 1999.

Linda A. Peyton, Philadelphia, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before SMITH, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

SMITH, Judge.

Samuel Monroe (Petitioner) petitions this Court for review of an order of the Pennsylvania Board of Probation and Parole (Board) that overruled Petitioner's objections to the Board's recalculation of his sentence. The issue stated by Petitioner in this appeal is whether the Board violated his federal and state constitutional rights by refusing to aggregate his consecutive backtime sentence and his "front-time" or new sentences as required by decisional and statutory law.[1]

On January 7, 1993, Petitioner was paroled from a 13–year sentence (original sentence). Petitioner was subsequently arrested in 1994, and multiple prosecutions were initiated against him. On December 6, 1994, Petitioner was adjudged guilty of theft and criminal conspiracy; he received consecutive terms of 2½ to 5 years state incarceration for theft and 1 to 2 years state incarceration for conspiracy (state sentence). This sentence was later reduced to a combined 1 to 2 years. On August 24, 1995, Petitioner pled guilty to various counts of theft and received concurrent sentences of 8 to 23 months of county incarceration on each (county sentences).

The Board lodged a detainer against Petitioner on April 20, 1994 and subsequently released him into county custody. Petitioner was paroled from the county sentences on March 6, 1996. By revocation decision dated May 17, 1996, the Board recommitted Petitioner on his original sentence as a convicted parole violator. The Board ordered him to serve 24 months of backtime. Petitioner objected, and, by recalculation order dated June 9, 1997, the Board ordered Petitioner listed for reparole on the next available docket. Petitioner again objected, requesting the Board to aggregate his original, state and county sentences. The Board refused to aggregate and this appeal followed.

Petitioner contends that Section 9757 of the Sentencing Code, 42 Pa.C.S. § 9757,[2]

---

1. This Court's review of Board action is limited to determining whether the Board's adjudication is supported by substantial evidence, is in accordance with the law and is observant of the petitioner's constitutional rights. *Davis v. Pennsylvania Board of Probation and Parole,* 134 Pa. Cmwlth. 643, 579 A.2d 1372 (1990). Although Petitioner presents a constitutional question, he

develops no constitutional argument in his brief and accordingly any such argument is waived.

2. Section 9757 mandates aggregation once the sentencing court imposes a consecutive sentence. *Gillespie v. Commonwealth,* 106 Pa.Cmwlth. 500, 527 A.2d 1061 (1987). In particular, it provides:

requires aggregation of convicted parole violators' original and new sentences because Section 9757 requires aggregation of all consecutive sentences without exception. In contrast, the Board maintains that Section 9757 only requires aggregation where a trial court chooses to impose a consecutive sentence. The Board directs this Court's attention to Section 21.1(a) of the Act commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, as amended, added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a(a).[3] Because a convicted parole violator's original sentence and new sentence are served consecutively by operation of Section 21.1 rather than by trial court discretion, the Board contends that Section 9757 is inapplicable.

In *Downard v. Department of Corrections,* 168 Pa.Cmwlth. 408, 650 A.2d 1163 (1994), this Court refused to order the Pennsylvania Department of Corrections to aggregate a convicted parole violator's original county sentences and his new state sentences. The principal authority cited by *Downard* is this Court's decision in *Abraham v. Department of Corrections,* 150 Pa.Cmwlth. 81, 615 A.2d 814 (1992), *aff'd per curiam,* 535 Pa. 122, 634 A.2d 214 (1993). The issue in *Abraham* concerned aggregation of sentences for purposes of determining the place of confinement pursuant to Section 9762(1) of the Sentencing Code, 42 Pa.C.S. § 9762(1). The *Abraham* decision held that not all county and state sentences should be aggregated for purposes of Section 9762(1).

Subsequently, the Supreme Court decided *Commonwealth v. Tilghman,* 543 Pa. 578, 673 A.2d 898 (1996), which overruled, as dicta, certain discussion in *Abraham* dealing with Section 17 of the Parole Act, 61 P.S. § 331.17, to the extent that it conflicted with the Superior Court's decision in *Commonwealth v. Harris,* 423 Pa.Super. 190, 620 A.2d 1175 (1993). The *Tilghman* and *Harris* courts held that all sentences, both county and state, must be aggregated for purposes of determining whether parole jurisdiction lies with the Board or the sentencing court under Section 17 of the Parole Act. The potentially conflicting discussion in *Abraham* concerned the aggregation of particular combinations of county and state sentences and the resulting effect on the parole jurisdiction of common pleas courts.

■ Despite the foregoing discussion, this Court concludes that *Downard* continues to provide the correct resolution of this issue because any other result would create an irreconcilable conflict between the Parole Act and the Sentencing Code. Section 21.1 of the Parole Act sets forth a method for determining whether a convicted parole violator must serve the original or the new sentence first. *Emmi v. Pennsylvania Board of Probation and Parole,* 74 Pa.Cmwlth. 554, 460 A.2d 889 (1983). In this case Section 21.1 requires that Petitioner's county sentences precede his backtime. If Petitioner's sentences were aggregated then at any given moment during Petitioner's confinement he could not be characterized as serving one particular sentence, but rather he would con-

---

Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

3. Section 21.1(a) provides in pertinent part:

If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

(1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

(2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

It is well settled that this section requires convicted parole violators to serve backtime and new sentences in consecutive order. *Commonwealth v. Dorian,* 503 Pa. 116, 468 A.2d 1091 (1983); *Commonwealth v. Zuber,* 466 Pa. 453, 353 A.2d 441 (1976).

tinuously be serving all of them pursuant to the single aggregated sentence. Therefore, aggregating Petitioner's sentences would make it impossible for the Board to comply with Section 21.1.

When interpreting statutes, this Court must presume that the General Assembly did not intend a result that is absurd, impossible of execution or unreasonable. Section 1922(2) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(2). Section 9757 of the Sentencing Code provides that it operates "[w]henever the court determines that a sentence should be imposed consecutively...." This language plainly admits of the interpretation that the Board has employed, i.e., that Section 9757 does not require aggregation where the sentences are consecutive by operation of statute rather than by court discretion. Because this interpretation also reconciles the potential conflict between the Sentencing Code and the Parole Act that would otherwise arise in this case, the Court must presume that it is the correct reading of Section 9757.

Petitioner asserts that this result conflicts with Tilghman and Harris. As discussed above, however, those opinions apply to the aggregation of consecutive sentences for purposes of determining whether parole jurisdiction lies with the Board or the sentencing court over criminal defendants whose aggregated sentences exceed two years but where the defendants' individual sentences are less than two years. Both opinions are premised on language specific to Section 17 of the Parole Act, and the Supreme Court expressly distinguished the aggregation of consecutive sentences for other statutory purposes. Parole jurisdiction is not an issue in this case, and accordingly Tilghman and Harris are inapposite to the present matter. For the foregoing reasons, this Court affirms the decision of the Board.

### ORDER

AND NOW, this 8th day of February, 1999, the order of the Pennsylvania Board of Probation and Parole is hereby affirmed.