J-S09041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                    PENNSYLVANIA
:
v. :
:
:
:
DAVID PITT :
:
Appellant : No. 2713 EDA 2019

Appeal from the Order Entered August 21, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001111-2001

BEFORE: SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED APRIL 13, 2020**

Appellant, David Pitt, appeals, *pro se*, from the order dismissing his

"Petition for *Habeas Corpus* Relief Pursuant to Article I, § 14 of the

Pennsylvania Constitution" ("Petition").  The Court of Common Pleas of

Delaware County treated the Petition as a petition under the Post Conviction

Review Act ("PCRA")[1] and dismissed it as untimely filed.  We affirm the

dismissal, albeit on different grounds from the lower court.[2]

On June 20, 2002, Appellant was convicted, following a jury trial, of rape

by forcible compulsion, sexual assault, indecent assault, incest, and corrupting

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We are not bound by the rationale of the trial court and may affirm on any
basis. **Commonwealth v. Goodmond**, 190 A.3d 1197, 1202 n.4 (Pa. Super.
2018).

the morals of children.[3]   On October 10, 2002, the trial court imposed an aggregate sentence of 10½ to 21 years of confinement.   Appellate appealed the judgment of sentence, and this Court affirmed.   **See Commonwealth v. Pitt**, No. 3701 EDA 2002 (Pa. Super. filed December 10, 2003) (memorandum decision).

On June 10, 2004, Appellant filed his first PCRA petition.  After a hearing, the PCRA court denied Appellant's petition on September 1, 2006.  Appellant appealed the denial of the petition, and this Court affirmed.   **See Commonwealth v. Pitt**, No. 2591 EDA 2006 (Pa. Super. filed September 24, 2007) (memorandum decision).   Appellant filed a second PCRA petition on May 10, 2012, which the PCRA court dismissed without holding a hearing on July 9, 2012.  Appellant did not file an appeal from the denial of the second PCRA petition.

On June 27, 2019, Appellant filed, *pro se*, a "Motion for Clarification of Sentence" in the Court of Common Pleas.  According to the docket entries, the lower court denied this motion for lack of subject matter jurisdiction. Appellant did not appeal from this determination.  Appellant then filed the instant Petition in the Court of Common Pleas on August 19, 2019.  The lower court filed an order on August 22, 2019 denying the Petition.  Appellant filed a timely appeal of this order.[4]   In its opinion issued pursuant to Rule of

_____

[3] 18 Pa.C.S. §§ 3121(a)(1), 3124.1, 3126, 4302, and 6301, respectively.

[4] Appellant filed his concise statement of errors complained of on appeal on September 23, 2019.

Appellate Procedure 1925(a), the Court of Common Pleas explained that it treated the Petition as a PCRA petition and that Appellant had not set forth any of the three exceptions to the one-year time bar set forth in Section 9545 of the PCRA, 42 Pa.C.S. § 9545. Court of Common Pleas Opinion, 11/20/19, at 1-3.

Appellant presents the following issue for our review: "Whether the Trial Court abused its discretion in denying [the] Petition for Habeas Corpus relief seeking clarification of its October 10, 2002, Order regarding computation of sentence?" Appellant's Brief at 3.

Initially, we must address whether the Court of Common Pleas properly treated the Petition, styled as a claim for *habeas corpus* relief, as a PCRA petition. In the Petition, Appellant contends that his sentence was "ambiguous and/or unclear" because it "fails to specify whether the sentence imposed was to run concurrent or consecutive to the sentence [Appellant] was serving at the time [it] was imposed." Petition ¶¶7-8. Thus, Petitioner requested "clarification" from the Court of Common Pleas as to whether his 2002 sentence was to run concurrently or consecutively to his earlier sentence. ***Id.*** ¶¶6, 9. In his appellate brief, Appellant asserts that he did not begin serving his 2002 sentence until the expiration of a 1991 sentence that had earlier been imposed, and therefore the Department of Corrections set his minimum term date for the 2002 sentence as March 1, 2028, while the maximum is set for September 1, 2038. Appellant contends that had the Department not "improperly delayed" the commencement of his 2002 sentence based upon an

ambiguity in that sentence, his minimum date for parole eligibility would have been April 9, 2013 and his sentence would be set to expire on October 10, 2023. Appellant's Brief at 6.

The PCRA provides that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies" for actions for relief from individuals who contend that they were "convicted of crimes they did not commit" or that they are "serving illegal sentences." 42 Pa.C.S. § 9542. Our Supreme Court has explained that "the language of the PCRA clearly requires that an individual seeking relief from the judgment of sentence itself . . . pursue his request for relief through the PCRA." ***Commonwealth v. Descardes***, 136 A.3d 493, 501 (Pa. 2016).

However, where a prisoner does not argue that an illegal sentence was imposed but instead contends that the Department of Corrections has miscalculated his sentence based on an error or ambiguity in the sentence, this Court has held that "a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed."[5] ***Commonwealth v. Perry***, 563 A.2d 511, 513 (Pa. Super. 1989); ***see also Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa. Super. 2014). Here, Appellant does not seek relief from an illegal sentence but rather he argues

---

[5] "A writ of *habeas corpus ad subjiciendum* is defined as a writ directed to someone detaining another person and commanding that the detainee be brought to court." ***Joseph v. Glunt***, 96 A.3d 365, 367 n.2 (Pa. Super. 2014) (citation, quotation marks, and brackets omitted).

that the sentence must be clarified based upon the trial court's failure to state whether the 2002 sentence was to run concurrently or consecutively to the sentence Appellant was already serving. Therefore, Appellant properly filed the Petition as a *habeas corpus* petition in the Court of Common Pleas, the trial court for his 2002 conviction.

The issue presented in this case, whether the trial court has authority to correct an alleged sentencing error, is a pure question of law. **Commonwealth v. Kremer**, 206 A.3d 543, 547-48 (Pa. Super. 2019). As such, our scope of review over this issue is plenary and our standard of review is *de novo*. **Id.** at 548.

Generally, a trial court has the authority to alter or amend a sentencing order within 30 days, if no appeal has yet been taken. **Id.**; **see also** 42 Pa.C.S. § 5505. An exception to the rule prohibiting modification of the sentence beyond 30 days exists in cases where there exists a "clear clerical error" or a "patent and obvious error[]." **Commonwealth v. Holmes**, 933 A.2d 57, 66 (Pa. 2007); **Kremer**, 206 A.3d at 548 (quoting **Commonwealth v. Borrin**, 12 A.3d 466, 473 (Pa. Super. 2011) (*en banc*), *aff'd,* 80 A.3d 1219 (Pa. 2013)). Our Supreme Court has stressed that the inherent authority of the trial court to correct an error beyond the 30-day period is a "limited judicial power." **Holmes**, 933 A.2d at 67.

Following an appeal or the expiration of the appeal period, the trial court may correct an error in the sentencing order where the "trial court's intentions are clearly and unambiguously declared during the sentencing hearing" but

the court's sentence was not accurately recorded in the written sentencing order. ***Borrin***, 12 A.3d at 473; ***see also Kremer***, 206 A.3d at 548. In addition, a trial court has the inherent authority to correct sentencing orders that involve "clear errors in the imposition of sentences that were incompatible with the record . . . or black letter law." ***Holmes***, 933 A.2d at 67. Our Supreme Court has thus held that a sentence may be corrected by the trial court where a defendant is given credit for 33 days of time served even though the defendant had only in fact served 1 day, or where the defendant was sentenced for a violation of probation even though probation had not originally been imposed. ***Id.*** at 66-67; ***Commonwealth v. Klein***, 781 A.2d 1133, 1135 (Pa. 2001). Similarly, the Court has held that a trial court may amend its sentencing order where the court imposed a new term of imprisonment for a parole violation, but "longstanding precedent" dictates that "a parole violator cannot be sentenced to a new sentence but instead can only be recommitted to the remainder of the original sentence." ***Holmes***, 933 A.2d at 66-67.

In this case, the trial court imposed the following sentence on Appellant at the October 10, 2002 sentencing hearing:

> THE COURT: . . . All right [Appellant,] on Information A, charging rape and imposing the sentence of eight and a half to 17 years SCI. Information B on sexual assault, that merges with rape. Information D charging you with indecent assault the Court imposes two and a half to five years SCI sentence but that would run concurrent with Information A. Information E, charging you with incest. The Court is imposing a sentence of two to four years SCI that will run consecutive to the sentence imposed on Information A. Information I, corrupting the morals of children,

that merges with indecent assault. And you have the lifetime registration and you have to provide a sample of DNA.

[DEFENSE COUNSEL]: The effective sentence then Your Honor as I understand it is ten and a half to 21 years?

THE COURT: Right.

N.T., 10/10/02, at 37-38.

No sentencing order was issued by the trial court.[6] However, the sentence was recorded on the docket as follows:

SEXUALLY VIOLENT OFFENDERS NOTIFICATION AT SENTENC[-]
ING: 42 PA.C.S.9795.3 FILED.AS TO INFO"A",INFO"B",
INFO"D", INFO "E" & INFO"I".
INFO "A", 8 1/2 YEARS (MIN) 17 YEARS (MAX), SCI.
INFO "B" (MERGES WITH INFO "A")
INFO "D", 2 1/2 YEARS (MIN) 5 YEARS (MAX), SCI.
INFO "E", 2 YEARS (MIN) 4 YEARS (MAX), SCI.
INFO "I" (MERGES WITH INFO "D")
DEFT MUST REGISTER ACCORDING WITH 42.PA.C.S.9795.3
WITH THE STATE POLICE AS DEEMED BY THE SEXUALLY
VIOLENT OFFENDERS LAW.
*LIFETIME REQUIREMENT.
*DEFT MUST PROVIDE D.N.A. SAMPLE*
IN[F]O "D" TO RUN CONCURRENT TO INFO "A".
INFO "E" TO RUN CONSECUTIVE TO INFO "A".
COSTS ON DEFT.

Docket Entries, 10/10/02.

The oral sentence imposed on Appellant and the written record of that sentence are consistent: the trial court imposed a sentence of 8½ to 17 year

---

[6] In **Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014), this Court held that the absence of a written sentencing order does not call into question the legitimacy of a sentence where the sentence is set forth in the transcript of the sentencing hearing or on the docket. **Id.** at 372.

term of imprisonment on the rape charge, 2½ to 5 year term on the indecent assault that was concurrent with the rape sentence, and a consecutive 2 to 4 year term on the incest charge, for an aggregate sentence of 10½ to 21 years. During the sentencing hearing, Appellant's counsel informed the trial court that Appellant had been convicted of a robbery in 1991, his new conviction would violate his parole, and he would therefore have to serve the time owed on the prior sentence until approximately 2017 before he could begin the new sentence. N.T., 10/10/02, at 14-20. However, when handing out the sentence, the trial court made no statement regarding the issue of whether the sentence was to run concurrently or consecutively with any prior sentence Appellant was already serving. Similarly, the sentence reflected on the docket is silent as to whether Appellant's 2002 sentence was to run concurrently or consecutively with prior sentences.[7] Therefore, there was no "clear clerical error" that needs correction in the written record of Appellant's sentence. **Kremer**, 206 A.3d at 548 (quoting **Borrin**, 12 A.3d at 473).

Furthermore, Appellant has not shown that there exists grounds for correction of his sentence based upon a "clear error[] in the imposition of [the]

---

[7] The trial court also filed three guideline sentence forms on November 8, 2002, which set forth the guideline ranges and the terms of imprisonment imposed upon Appellant for the rape, indecent assault, and incest charges. These forms also did not state whether Appellant's sentence runs concurrently or consecutively to any prior sentence imposed upon Appellant. Guideline sentence forms are forms promulgated by the Pennsylvania Commission on Sentencing in order to monitor compliance with the sentencing guidelines. 42 Pa.C.S. § 2153(a)(14); 204 Pa. Code § 303.1(e).

sentence[] that [was] incompatible with the record . . . or black letter law."
***Holmes***, 933 A.2d at 67. Appellant has not identified any portion of the record that is incompatible with his sentence. Rather, as detailed above, the record is silent as to whether Appellant's 2002 sentence should run concurrently or consecutively to his prior sentence.

Appellant's 2002 sentence was likewise not "incompatible with . . . black letter law." ***Id.*** Rule of Criminal Procedure 705 provides that "when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively." Pa.R.Crim.P. 705(B); ***see also id.***, Historical Note.[8] While at first blush this rule may appear to have required that the trial court state at sentencing whether the 2002 sentence was to run concurrently or consecutively with the 1991 sentence, we must also take note of the statutory framework pertaining to the recommitment of parole violators for the conviction of a new offense, as it appears that Appellant was on parole from the 1991 sentence at the time he committed the 2002 offense. Under Section 21.1(a) of the Parole Act, the operative statute at the time of Appellant's

---

[8] The relevant language of the version of Rule 705 in effect at the time of Appellant's sentencing and the current version of the rule is substantively identical. ***See*** Pa.R.Crim.P. 705, Comment, Historical Note. The version of Rule 705 in effect prior to 1996 contained language creating a presumption that when a judge sentences a defendant to a new sentence while already serving an older sentence, the new and old sentences would run concurrently unless the judge stated otherwise. ***See id.***, Comment; ***Kremer***, 206 A.3d at 549 n.1. This presumption was removed by a 1996 amendment to the rule. ***See*** Pa.R.Crim.P. 705, Comment; ***Kremer***, 206 A.3d at 549 n.1.

sentence, "[i]f a new sentence is imposed upon [a] parolee [convicted of a new offense committed while on parole], the service of the balance of said term originally imposed shall precede the commencement of the new term imposed . . . [where the parolee] is paroled from any State penal or correctional institution . . . and the new sentence imposed upon him is to be served in any such State penal or correctional institution."  61 P.S. § 331.21a(a)(1) (repealed); *see also* 61 Pa.C.S. § 6138(a)(5)(i) (current parole statute with similar language).  This statute requires that "[a] parole violator convicted and sentenced to prison for another offense must serve his or her 'back time' and the new sentence is to run consecutive (and not concurrent) to the time remaining on the original sentence." *Commonwealth v. Ward*, 489 A.2d 809, 811 (Pa. Super. 1985); *see also Monroe v. Pennsylvania Board of Probation and Parole*, 725 A.2d 223, 225 n.3 (Pa. Cmwlth. 1999).  Thus, although not before us in this appeal, it appears that Appellant's recommitment was consistent with the Parole Act.[9]

Accordingly, we conclude that Appellant has not demonstrated a "clear clerical error" or a "patent and obvious error[]" that would allow the Court of

---

[9] To the extent Appellant believes that the Department of Corrections erred in calculating the minimum and maximum dates of his 1991 or 2002 sentences, his recourse is not in a *habeas corpus* petition in the trial court but rather he may seek relief through an administrative action with the Department, *see, e.g.*, *McCray v. Department of Corrections*, 872 A.2d 1127 (Pa. 2011), or in a petition for writ of *mandamus* brought in the Commonwealth Court's original jurisdiction.  *See, e.g.*, *Sturgis v. Doe*, 26 A.3d 1221 (Pa. Cmwlth. 2011); *see also Heredia*, 97 A.3d at 395.

Common Pleas to correct the sentence imposed on October 10, 2002.

***Holmes***, 933 A.2d at 66; ***Kremer***, 206 A.3d at 548 (citation omitted).  We therefore affirm the dismissal of the Petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/13/20</u>