# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Moss, :
             Petitioner :
              :
      v. : No. 1084 C.D. 2019
              : Submitted: January 17, 2020
Pennsylvania Board :
of Probation and Parole, :
             Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CROMPTON                      FILED: April 29, 2020

Craig Moss (Moss), represented by counsel, petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. Moss challenges the Board's credit calculation and denial of credit for time spent at liberty on parole without a sufficient reason under *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017). He claims the Board abused its discretion in denying him credit for 6,460 days of "street time."[1] He also contends that the Board's act of taking his street time and retaining his supervision fees, totaling $4,000.00, imposes an excessive fine in violation of the federal and state constitutions.[2] Upon review, we affirm in part and we reverse and remand in part.

---

[1] The time a parolee spends at liberty on parole is also referred to as "street time." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[2] *See* U.S. CONST. amend. VIII (forbidding grossly disproportionate or excessive fines); PA. CONST. art. I, §13 (same).

# I. Background

Moss is currently serving a sentence comprised of 3 years, 6 months to 20 years for arson (imposed March 5, 1997), and 1 year, 3 months to 10 years consecutive for aggravated assault (imposed May 1, 2000). When aggregated, these sentences total 4 years, 9 months to 30 years (Aggregated Sentence).

On January 8, 2008, Moss was paroled on his Aggregated Sentence to a community corrections center in York County. At that time, Moss's controlling minimum date was December 5, 2001, and his controlling maximum date was March 5, 2027. His actual release date was April 7, 2008. Certified Record (C.R.) at 16.

As one of his conditions of parole, Moss was required to refrain from assaultive behavior. C.R. at 8. He was also required to pay a monthly supervision fee of $25.00. *Id.* In addition, as another condition of parole, Moss was required to refrain from consuming or possessing alcohol under any circumstances. C.R. at 9.

However, between 2012 through 2016, Moss was involved in several domestic disturbances, including an incident that led to him being arrested for assaulting his wife while intoxicated in May 2016. C.R. at 13-14, 17, 24. The Board issued a warrant to detain, and subsequently issued a decision to detain Moss pending disposition of his criminal charges. C.R. at 27. However, these charges were dismissed in July 2016 and Moss was released. The Board credited Moss for the time he spent in custody on these charges.

Relevant here, in early January 2017, Moss was involved in another incident while intoxicated. After being ejected from a liquor-serving establishment, Moss threatened other patrons with a knife. Shortly thereafter, Moss was arrested

and charged with terroristic threats, simple assault, disorderly conduct, public drunkenness and three counts of harassment.

Moss was placed in custody in York County prison on these charges, with bail set at $3,000.00; he was unable to post bail. His bail was changed to $3,000.00 unsecured March 1, 2017. Relevant here, the Board issued a warrant to commit and detain Moss on these charges on January 15, 2017. C.R. at 28. Moss waived his right to a detention hearing. C.R. at 38.

After two mistrials, Moss was convicted of possessing an instrument of crime with intent and simple assault. Relevant here, on April 9, 2018, the York County Court of Common Pleas (sentencing court) sentenced Moss to 1 year less 1 day (minimum) to 2 years less 2 days (maximum), concurrent (County Sentence).

Moss waived his right to a parole revocation hearing in June 2018. The hearing report noted his "assaultive behavior w[ith] intoxication." C.R. at 50.

Based on his convictions, the Board issued a decision recommitting Moss as a convicted parole violator (CPV) to serve 9 months' backtime when available (Recommitment Decision). Using August 30, 2018 as his custody for return date, the Recommitment Decision also stated his new parole violation maximum date was May 7, 2036, based on the backtime owed on his sentence. C.R. at 85. The Board credited 404 days to his Aggregated Sentence; it did not credit Moss for his street time, stating: "NEW CONVICTION ASSAULTIVE." C.R. at 149. Subsequently, the Board modified its reason to include that the new conviction involved intoxication. C.R. at 89. As such, the Board determined Moss forfeited his time spent at liberty on parole (from 7/9/08 to 7/14/16). Moss requested administrative relief from the Board.

3

On review, the Board Secretary affirmed the Recommitment Decision. C.R. at 154-155. Moss then filed a petition for review of that order to this Court.

## II. Discussion

On appeal,[3] in his counseled brief,[4] Moss argues the Board abused its discretion in declining to award credit for any of his street time. Moss also asserts he is entitled to 143 days of credit for time served exclusively on the Board warrant. He asks this Court to vacate the Board's decision and remand to the Board to recalculate his credit and his reparole eligibility based on same. He also contends that because the Board took his street time after he paid $4,000.00 in supervision fees, the fees constitute an unconstitutional excessive fine.

### A. Credit Calculation

When a parolee violates the terms and conditions of his parole, the Board may recommit him to serve all or part of the remainder of his original sentence. *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 648 (Pa. Cmwlth. 2018). "The time served on recommitment is known as backtime." *Id.* Backtime cannot exceed the time remaining on the original sentence (*i.e.*, Aggregated Sentence).

Moss had 6,906 days (19 years) remaining on his Aggregated Sentence. As credited by the Board, his recalculated maximum sentence date was May 7, 2036.

---

[3] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law, and whether necessary findings were supported by substantial evidence. *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207 (Pa. Cmwlth. 2019).

[4] Although Moss raised additional issues in his petition for review, his counsel did not brief them, deeming them as "without merit." *See* Pet'r's Br. at 14. Therefore, those issues are waived and we do not address them. *See* Pa. R.A.P. 2119.

## 1. Custody on Board Warrant

First, we consider Moss's argument that he is entitled to a credit on his Aggregated Sentence for the time served in York County prison after he completed the minimum term on his County Sentence. He maintains that, since he served the minimum of his County Sentence by the date of sentencing, he was immediately paroled to his Aggregated Sentence, and was detained solely on the Board's warrant. As a result, he requests 143 days of credit on his Aggregated Sentence.

As it is a sentence of less than 2 years, Moss had to serve the County Sentence before serving the time remaining on his Aggregated Sentence. *Monroe v. Pa. Bd. of Prob. & Parole,* 725 A.2d 223 (Pa. Cmwlth. 1999). Relevant here, by the time the sentencing court sentenced him, Moss had completed his County Sentence.

We are guided by the language of the sentencing order. The language of the sentencing order governs unless that order is invalid. *See McCray v. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005) (reasoning executive agencies must "faithfully implemen[t] sentences imposed by the courts"). Here, the sentencing order specified that upon Moss serving his minimum term of the County Sentence: "the defendant ***shall be released*** without a petition …." C.R. at 47 (emphasis added). The sentencing court further directed that Moss receive credit of 443 days for the time served from January 15, 2017, through the date of sentencing on April 9, 2018. *Id*. Although the Board focuses on the part of the sentencing order that states Moss's release shall be upon approval of a suitable probation plan by York County as a prerequisite to release, that is not a fair reading of the sentencing order.

There is no dispute that Moss is entitled to credit for the time he spent in confinement prior to sentencing on his subsequent criminal conviction. As a

5

matter of law, all time served must be credited toward one sentence or the other. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299 (Pa. 2003). The issue presented is to which sentence, the County Sentence or the Aggregated Sentence, must the credit be applied.

When the Board has lodged a detainer, and the parolee has not posted bail on his new charges, presentence confinement credit must be applied to reduce the new sentence of incarceration unless the credit would exceed that new sentence. *Martin*. However, a detainee's failure to satisfy bail requirements is not dispositive of the credit determination. *Id*.

Here, Moss had 443 days of *pre*sentence confinement, and he did not post bail. C.R. at 47; *see also* Resp't's Br. at 10 ("Because [Moss] received credit for 443 days, at the time he was sentenced he had already reached his minimum date on his new county sentence."). As such, his 443 days must be applied to his County Sentence of 1 year less 1 day (364 days) to 2 years less 2 days (726 days). As a result of crediting that time toward the County Sentence as *Martin* requires, Moss served his minimum term, *i.e.*, 1 year less 1 day (364 days), as well as 79 additional days. Despite that he reached his minimum date, Moss was then still detained on the Board's warrant.

Nevertheless, the Board contends that since the record does not indicate that he received approval of a suitable probation plan from York County, the time Moss spent in custody in York County following the date of sentencing was properly credited to his County Sentence and not to his Aggregated Sentence. We disagree.

6

Significantly, the terms of the sentencing order here required Moss's release upon serving the minimum term, 364 days. *Cf. Maracine v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 957 C.D. 2011, filed Jan. 6, 2012), 2012 WL 8681668 (unreported) (sentencing order used "may" instead of "shall" be released; inmate's inadvertent transfer to state facility before completing county sentence did not merit credit on state sentence). As such, by its terms, the sentencing order constructively paroled Moss from the County Sentence to his Aggregated Sentence.

Further, the Board's interpretation ignores that but for his Aggregated Sentence, Moss would have been released. When Moss would not be released, but would continue to serve his Aggregated Sentence on recommitment, there was no reason for York County to create a parole plan. Indeed, the Board does not cite the creation of such a parole plan as the basis for determining August 30, 2018, as his custody for return date, or as a condition precedent to Moss becoming available to serve his recommitment term. In fact, the Board does not cite anything in the record to support the delay between his recommitment in early June 2018 to his return to state custody on August 30, 2018. *See* Resp't's Br. at 6-7, 10-11.

Because the sentencing order provided for his *release* upon serving the minimum term, Moss was entitled to credit for post-sentencing time spent in custody on the Board's warrant. The Board cites no cause for deeming Moss available to serve his backtime more than four months after completing his County Sentence. From our review, at a minimum, it appears that Moss is entitled to credit on his Aggregated Sentence after the Board recommitted him as a CPV on July 31, 2018. *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382 (Pa. Cmwlth. 2019). Therefore, he should have received a credit on his Aggregated Sentence as of that date, if not

earlier,[5] to his custody for return date, August 30, 2018.  C.R. at 89.  Accordingly, we remand the matter to the Board to credit Moss for his post-sentence time spent in custody in York County on the Board's warrant.

## 2.  Credit for Time Spent at Liberty

Next, we consider Moss's argument that the Board abused its discretion when it decided to deny credit for time spent at liberty on parole, leaving 6,460 days on his Aggregated Sentence.  Moss also challenges the sufficiency of the Board's stated reason for denying credit pursuant to *Pittman*.

Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2.1), "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence."  *Pittman*, 159 A.3d at 473. There are two enumerated exceptions to the Board's discretion to award credit, neither of which apply here.  *See* 61 Pa. C.S. §6138(a)(2.1)(i)-(ii).

When exercising its discretion to deny credit for time spent at liberty on parole, the Board must provide a contemporaneous statement explaining its reason.  *Pittman*.  Although our Supreme Court did not establish criteria to govern the Board's stated reason, it noted the Board's explanation need not be extensive, and "a single sentence [] is likely sufficient in most instances."  *Id*. at 475 n.12.  This

---

[5] In *Barnes*, we explained that credit for time a CPV spends in custody between sentencing on the new charges and parole revocation must be applied to the new sentence, (*i.e.*, County Sentence here).  *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382 (Pa. Cmwlth. 2019).  However, we advised that the parole revocation occurs once a hearing examiner and a Board member, or two Board members sign a hearing report recommitting the inmate as a CPV.  *Id.*  That act of parole revocation triggers the original sentence, rendering that time "due and owing."  *Id.* at 392 (citation omitted).  In this case, the revocation hearing report is dated June 8, 2018, and signed by one Board member on June 20, 2018.  Neither date is consistent with the custody for return date the Board uses, August 30, 2018.  That date only corresponds to Moss's return to state custody.  Resp't's Br. at 6, 7.

allows the appellate court reviewing the matter to have a method to assess the Board's exercise of discretion. *Marshall*.

In exercising its discretion in a credit determination, "the Board's statement of reasons should be informed by aggravating and mitigating circumstances and account for the parolee's individual circumstances." *Marshall*, 200 A.3d at 652. As such, the Board's given reason must be "accurate" and "relate[d] to the parolee's offenses." *Id.* at 650.

Applying *Pittman*, this Court has accepted brief statements for denying discretionary credit as legally sufficient. *See Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019) (*Plummer II*) (deeming stated reason for credit denial, "prior history of supervision failures," legally sufficient); *Marshall*; *Smoak v. Pa. Bd. of Prob. & Parole*, 193 A.3d 1160 (Pa. Cmwlth. 2018). In *Smoak*, we considered the adequacy of the Board's five-word reason for denying street time credit: "unresolved drug and alcohol issues." *Id.* at 1163. Despite its brevity, we held the Board's stated reason was legally sufficient as it related to the parolee, though "just barely sufficient." *Id.*

The Board's reason for denying Moss credit for his street time here is similarly brief: "NEW CONVICTION INVOLVED ASSAULTIVE BEHAVIOR & INTOXICATION." C.R. at 89. There is no dispute that Moss's new convictions were assaultive in nature. Also, the revocation hearing report noted "assaultive behavior with intoxication" in response to the part of the report corresponding to credit for time spent at liberty. C.R. at 50. As additional comments, the handwritten notes state "intoxicated carrying […] preparing for fight." C.R. at 55. Thus, the

9

Board's reason for denying credit for his time spent at liberty on parole is both accurate and related to Moss's offenses. As such, the reason for denying credit is sufficient. *Plummer II.*

Further, we discern no abuse of discretion by the Board in denying Moss any credit for his street time. An abuse of discretion is not merely an error in judgment, but occurs when the law is misapplied or the judgment is manifestly unreasonable. *Weigle v. Pa. Bd. of Prob. & Parole*, 886 A.2d 1183 (Pa. Cmwlth. 2005). In light of Moss's supervision history, showing repeated domestic disputes and excessive intoxication, and that his recent conviction involved threats to others, as well as intoxication, the Board's decision in denying credit does not constitute an abuse of discretion.

Notwithstanding his conviction and supervision history, Moss contends he is entitled to credit based on mitigating factors. Moss emphasizes that during a decade of his parole, he "never violated his parole before; was gainfully employed, got married and had three children; purchased a home; and was a valid member of society as well as a youth baseball coach for three years." Pet'r's Br. at 13.

However, the appropriate time to raise mitigating factors was during the parole revocation hearing. Moss waived his right to a revocation hearing rather than use it as an opportunity to raise these factors. C.R. at 56. Because Moss did not create a record documenting favorable mitigation factors, despite his opportunity to do so, the Board had no basis from which to consider them. Thus, we discern no abuse of discretion by the Board in denying Moss credit for his street time.

10

## B. Supervision Fees - Excessive Fines

Lastly, we consider Moss's argument that his payment of $4,000.00 in supervision fees over 10 years violates the prohibition on excessive fines clauses contained in the Eighth Amendment of the U.S. Constitution and Article I, Section 13 of the Pennsylvania Constitution.

Pursuant to his parole agreement, Moss agreed to pay supervision fees as a condition of his parole. C.R. at 5. It is noteworthy that Moss did not previously challenge the amount, paid in monthly installments of $25.00 over 10 years.

In examining an alleged violation of the excessive fines clause of the U.S. Constitution or Pennsylvania Constitution,[6] this Court "must consider <u>whether the statutory provision imposes punishment</u>; and if so, whether the fine is excessive." *See Commonwealth v. Real Prop. & Improvements, 5444 Spruce St., Phila.*, 832 A.2d 396, 399 (Pa. 2003) (emphasis added). If the first prong is not met, there is no basis for an excessive fines claim.

Here, Moss's challenge to the supervision fees fails on the first prong.

Our Supreme Court considered the constitutionality of such parole supervision fees in *Commonwealth v. Nicely*, 638 A.2d 213 (Pa. 1994). After recognizing the reasonableness of a $25.00 monthly supervision fee, the Court specifically rejected the argument that the fee was punitive in nature. It explained, "the supervisory fee is <u>administrative in nature</u> and <u>not</u> intended to be <u>punitive</u> or otherwise interfere with the probation order of the court." *Id.* at 217 (emphasis added).

---

[6] The excessive fines clauses in the federal and state constitutions are coextensive. *See Commonwealth v. Real Prop. & Improvements, 5444 Spruce St., Phila.*, 832 A.2d 396 (Pa. 2003).

Further, Moss mischaracterizes the issue when he presents it as one of forfeiture. In so doing, he disregards the nature of the time and the purpose of parole. Moss was paroled before completing his Aggregated Sentence; he owed that time. Any "loss" of his street time was a result of his violation of the parole conditions and his convictions on new crimes.

Because the parole supervision fees challenged here relate to administering the parole program and are not a form of punishment, they do not violate the excessive fines clauses. Thus, we reject Moss's excessive fines claim.

### III. Conclusion

For the foregoing reasons, we affirm the Board's order in part, to the extent it denied Moss discretionary credit for his street time, and we reverse the Board's order in part to the extent it did not credit Moss on his Aggregated Sentence for post-sentencing time spent in custody despite his availability to serve backtime.[7] We remand this matter to the Board to credit his Aggregated Sentence appropriately and to reflect that credit in the parole maximum date.

_____
J. ANDREW CROMPTON, Judge

---

[7] Review of the Recommitment Decision reflects 404 days of credit, from March 1, 2017 to the date of sentencing, on April 9, 2018, but no credit on backtime for time served following the date of sentencing forward. *See* Certified Record at 85. The 39-day discrepancy between the 443 days of credit the sentencing court awarded from the date of his arrest (and that the Board issued its warrant), January 15, 2017, and the 404 days of credit the Board awarded, is not explained and appears inconsistent.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Moss,                          :
                    Petitioner       :
                                     :
          v.                         :          No.  1084 C.D. 2019
                                     :
Pennsylvania Board                   :
of Probation and Parole,             :
                    Respondent       :

## O R D E R

AND NOW, this 29th day of April 2020, the order of the Pennsylvania Board of Probation and Parole (Board) is **AFFIRMED IN PART** to the extent it denied credit to Petitioner for his time spent at liberty on parole, and **REVERSED IN PART** as to a credit for time spent in custody post-sentencing when Petitioner became available to serve backtime prior to the August 30, 2018, custody for return date the Board used.  We **REMAND** the matter to the Board to credit Petitioner for the time spent in custody in accordance with the accompanying opinion.

          Jurisdiction is relinquished.

                                    _____
                                    J. ANDREW CROMPTON, Judge