579 A.2d 1372

**Louis A. DAVIS, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 6, 1990.

Decided Sept. 11, 1990.

644

Bruce E. Mattock, Asst. Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court is the petition for review filed by Louis A. Davis (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board), dated November 24, 1989, which denied Petitioner's request for administrative relief from the Board's recommitment order. This case

presents the question of whether the Board's recommitment of Petitioner for nine months as a convicted parole violator exceeds the presumptive range for the offense of receiving stolen property under 37 Pa.Code § 75.2 when that offense is graded as a misdemeanor of the first degree. This Court finds that the recommitment order was within the presumptive range and affirms the Board's decision.

Petitioner was originally sentenced in 1977 by the Court of Common Pleas of Allegheny County to serve concurrent ten to twenty year sentences imposed for rape, robbery, burglary, and other related offenses. He was paroled from the State Correctional Institution at Greensburg on March 9, 1987. On June 29, 1989, during the period of parole, Petitioner was convicted of receiving stolen property, a misdemeanor of the first degree. On August 15, 1989, Petitioner was afforded a parole violation hearing by the Board, during which he waived his right to counsel. As a result of that hearing, Petitioner's parole was revoked, and the Board ordered him recommitted as a convicted parole violator to serve nine months backtime. On September 23, 1989, Petitioner filed an administrative appeal, *pro se*, with the Board pursuant to 37 Pa.Code § 73.1(a)(1).[1] On November 24, 1989, the Board denied Petitioner's request for administrative relief. Petitioner seeks review of the Board's order recommitting him to the nine months backtime.[2]

Petitioner contends that the Board's recommitment order of nine months exceeded the presumptive range for his conviction of receiving stolen property.[3] Petitioner ar-

1. 37 Pa.Code § 73.1(a)(1) provides in part that "[a]n interested party, by counsel unless unrepresented, may appeal a revocation decision."

2. This Court's scope of review of a Board recommitment order is limited to a determination of whether the Board's adjudication is supported by substantial evidence, is in accordance with the law, and is observant of the Petitioner's constitutional rights. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

3. The power of the Board to recommit a convicted parole violator to serve the balance of the unexpired sentence from which the petitioner

gues that because the value of the stolen goods falls between $50 and $200, the presumptive range for recommitment is three months to six months. This presumptive range, which assigns a recommitment sentence on the basis of the value of the stolen goods received, has been superseded by amendment to 37 Pa.Code § 75.2 effective January 16, 1988. Section 75.2, which now assigns a presumptive range on the basis of the grading of the offense, lists the presumptive range applicable to Petitioner's conviction as follows: "Receiving Stolen Property: Felony of the Third Degree or Misdemeanor of the First Degree—6 months to 12 months." Thus, the Board's nine months recommitment of Petitioner based upon the offense of receiving stolen property, graded as a misdemeanor of the first degree, is clearly within the applicable presumptive range.

█ Petitioner also argues that *Corley v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984) stands for the proposition that Board deviation from the presumptive range requires a written explanation of any factors leading to such a recommitment order. Petitioner correctly states the rule in *Corley*. However, that case is inapplicable because the Board's recommitment order here of nine months is no deviation from the presumptive range. The Board need not, therefore, issue any explanation of the circumstances underlying the recommitment order. For purposes of recommitment as a convicted parole violator, "aggravating evidence need only be set forth in the order where the recommitment time actually imposed ... exceeds the presumptive range." *Id.*, 83 Pa.Commonwealth Ct. at 532, 478 A.2d at 148.

█ The Board questions whether an appeal from a recommitment order within the presumptive range is frivolous for the purpose of assessing attorney's fees and costs pursuant to Pa.R.A.P. 2744. The Board contends that Petitioner's appeal is frivolous, and therefore that the Board is

was paroled is stated in Section 21.1 of the Parole Act, Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a.

entitled to an award of costs including a reasonable counsel fee. A frivolous appeal is, *inter alia,* one lacking any basis in law or fact. *Smith v. Pennsylvania Board of Probation and Parole,* 524 Pa. 500, 574 A.2d 558 (1990). Petitioner's administrative appeal, filed *pro se,* relied upon the former text of 37 Pa.Code § 75.2, instead of the recently amended version of Section 75.2. Petitioner's reliance upon the superseded Board guidelines assigning a presumptive range on the basis of the value of the stolen goods is a mistake of law that renders his appeal meritless. An appeal is not frivolous merely because it lacks merit. *Id.,* 524 Pa. at 511, 574 A.2d at 562 citing *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974). Therefore, this Court concludes that Petitioner's appeal is not frivolous within the meaning of Pa.R.A.P. 2744.

In sum, the General Assembly has specifically granted the Board discretion to recommit a convicted parole violator to serve the balance of an unexpired term, and where the Board's order is supported by substantial evidence and the backtime imposed is within the presumptive range, the Board's discretion will not be disturbed. *LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985).

SILVESTRI, J., dissents as to denial of counsel fees.

## ORDER

AND NOW, this 11th day of September, 1990, the order of the Pennsylvania Board of Probation and Parole is hereby affirmed.