Gregory **BROWN**, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE**, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 8, 1995.

Decided Nov. 15, 1995.

Kent D. Watkins, for petitioner.

Robert A. Greevy, Chief Counsel, for respondent.

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Gregory Brown (Petitioner) appeals an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from a Board parole revocation order. The revocation order recommitted him as a technical and convicted parole violator to serve nine months of backtime with an effective reparole date of September 26, 1994.

On January 20, 1992, Petitioner was sentenced to a term of one year and four months to five years and six months by Judge Fitzgerald of the Court of Common Pleas of Philadelphia County for burglary. His minimum term expiration date was January 19, 1993 and the maximum was March 19, 1997. Petitioner was paroled from that sentence on January 21, 1993.

While on parole, he was arrested in Montgomery County on June 5, 1993 and charged with violating various subsections of the Controlled Substance, Drug Device and Cosmetics Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101 to 144. Petitioner posted bail on the new charges and was released on June 15, 1993. On June 21, 1993, Petitioner was arrested for technical parole violations pursuant to a Board warrant and recommitted to a state correctional institution to serve five months backtime.

On May 18, 1994, Petitioner was adjudged guilty on the drug charges, and, on July 7, 1994, he was sentenced to a three to ten year term with an effective date of June 27, 1994. Following a parole revocation hearing, on October 14, 1994, the Board recommitted Petitioner as a convicted parole violator to serve nine months backtime (concurrent to the five months which Petitioner was recommitted to serve as a technical parole violator). On December 29, 1994, the Board constructively reparoled Petitioner from his original sentence effective September 26, 1994, the record date of the Board action imposing nine months backtime.

Thereafter, on January 1, 1995, Petitioner filed a petition for administrative review with the Board, arguing that the Board should have constructively reparoled him effective March 21, 1994 instead of September 26, 1994. The Board denied Petitioner's request for administrative relief, and this appeal followed.

On appeal, Petitioner argues that the Board erred in setting his reparole date for the original burglary conviction on September 26, 1994, the record date of the Board action imposing backtime. Specifically, Petitioner contends that the Board failed to credit toward his minimum term for the burglary sentence the time period in which he was incarcerated solely pursuant to the Board warrant. The relevant time period is June 21, 1993, the date on which Petitioner was arrested and incarcerated for parole violations pursuant to the Board's warrant, through July 7, 1994, the date on which he was sentenced to serve a three to ten year sentence for violations of the Controlled Substance, Drug Device & Cosmetics Act. Had the Board properly considered this time period, Petitioner argues, the expiration of his minimum term would have been March 21, 1994, at which point he should have been constructively reparoled. Further, Petitioner argues, March 21, 1994 is the date on which the three to ten year sentence for the new conviction should have commenced, with credit on that sentence from June 5, 1993 (the date of his arrest for the drug charges) through June 15, 1993 (the date bail was posted).

■ When reviewing an order of the Board, our scope of review is limited to a determination of whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Davis v. Pennsylvania Board of Probation and Parole*, 134 Pa.Cmwlth. 643, 579 A.2d 1372 (1990).

In *Gaito v. Board of Probation and Parole*, 128 Pa.Cmwlth. 253, 563 A.2d 545, 547 (1989), *petition for allowance of appeal de-*

*nied*, 525 Pa. 589, 575 A.2d 118 (1990), this Court explained, "[t]ime spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term only when the parolee was eligible for, and had satisfied, bail requirements for the new offense and thus remained incarcerated only by reason of the detainer against him."

In the instant case, Petitioner posted bail for the drug charges and was released on June 15, 1993. Accordingly, Petitioner's incarceration from June 21, 1993 through July 7, 1994 was solely under the Board's warrant, and, thus must be credited to Petitioner's original sentence.

■ Petitioner does not dispute that the Board correctly applied the aforementioned time credit to the maximum term for his original sentence.[1] The issue in contention, however, is whether the Board should have applied the time credit against both the maximum and *minimum* terms of the burglary sentence. Specifically, whether the Board should have set the date of the minimum term nine months after the commencement of Petitioner's time served under the Board warrant, rather than the date on which the Board imposed backtime.[2]

■ Under Pennsylvania law, the sentence imposed for a criminal offense is the maximum term; the minimum term merely sets the date prior to which a prisoner may not be paroled. *Krantz v. Com. Pennsylvania Board of Probation and Parole*, 86 Pa. Cmwlth. 38, 483 A.2d 1044 (1984). Prisoners have no absolute right to parole, but rather only the right to petition for parole upon the expiration of their minimum term. *Id.* Thus, the significance of a parolee's minimum term is that it establishes a parole eligibility date.

■ "Backtime" is that part of an existing judicially imposed sentence which the Board directs a parolee to complete after a determination in a civil administrative hearing that the parolee violated the terms and conditions of parole. The parolee must serve this backtime in prison before the parolee may again be considered for reparole, *Id.*, and before he begins to serve the new sentence. *McCaskill.*

■ In the instant case, the Board ordered Petitioner to serve nine months of backtime. "Consistent with the law of this state, service of backtime shall begin at the date of recommitment [under the Board warrant]...." *McCaskill*, 631 A.2d at 1095. The service of this backtime, therefore, should have begun on June 21, 1993, the date of Brown's recommitment under the Board warrant. Adding nine months to June 21, 1993, Brown's backtime concluded on March 21, 1994, not September 26, 1994, as calculated by the Board. Accordingly, we hold that Petitioner was eligible for reparole on March 21, 1994.

However, we must add that Petitioner was not automatically entitled to reparole on March 21, 1994, but only had the right on that date to petition the Board for parole and have the Board consider his application. *Krantz.* Further, we do not know whether

---

1. The Board added the time served under the Board warrant (one year and sixteen days) to the time previously served under the burglary sentence (one year, four months and two days) and then subtracted the total (two years, four months and eight days) from the maximum sentence term (five years and six months) to determine the time owed under the burglary sentence (three years, one month and twelve days). The Board then computed the new maximum term by adding the time owed to the constructive parole date (September 26, 1994). The new maximum term date, therefore, was properly set at November 8, 1997.

2. The Board argues that it has no authority to retroactively reparole Petitioner. The Board erroneously relies on *McCaskill v. Pennsylvania Board of Probation and Parole*, 158 Pa.Cmwlth.

450, 631 A.2d 1092 (1993), *petition for allowance of appeal denied*, 537 Pa. 655, 644 A.2d 739 (1994), in which this Court held that a court of common pleas cannot, through the use of retroactive parole, make a Prisoner's backtime run concurrently with a newly imposed county sentence. Thus, *McCaskill* concerns the powers of a court of common pleas in parole cases, not the authority of the Board. The Board has a broad discretion to determine if and when a prisoner should be released on parole. *Tubbs v. Pennsylvania Board of Probation and Parole*, 152 Pa. Cmwlth. 627, 620 A.2d 584 (1993). As such, as long as the prisoner serves his backtime for the original sentence prior to serving his second sentence in accordance with *McCaskill*, the Board may retroactively reparole a prisoner.

the Board would have granted the prisoner constructive reparole in March of 1994. Accordingly, we vacate the Board's decision and remand this case to the Board for a determination of whether Petitioner was entitled to constructive reparole on March 21, 1994.

### ORDER

NOW, November 15, 1995, the order of the Board in the above-captioned matter is hereby vacated and this case is remanded to the Board for proceedings consistent with this opinion.

Jurisdiction relinquished.