# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon Williams,             :
                  Petitioner     :
                                :
             v.               :    No. 183 C.D. 2020
                                :    Submitted: May 14, 2021
Pennsylvania Board of Probation and   :
Parole,                         :
                Respondent    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: July 23, 2021**

Brandon Williams (Williams) petitions for review of a January 23, 2020 Order of the Pennsylvania Board of Probation and Parole[1] (Board) affirming the Board's action recorded on June 4, 2019, to recommit Williams as a convicted parole violator (CPV) to serve the remainder of his sentence, two years, eight months, and three days. Williams is represented by appointed counsel, Autumn L. Johnson, Esquire (Counsel). Counsel has filed an Application to Withdraw as Counsel (Application to Withdraw) and a No-Merit Letter, which are based on her contention that

---

[1] The Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

Williams's Petition for Review is without merit. For the following reasons, we grant Counsel's Application to Withdraw and affirm the Board's Order.

Williams was initially sentenced on January 26, 2017, to two to four years with a maximum date of January 26, 2021, based on his pleading guilty to the offense of Persons not to Possess Firearms. (Sentence Status Summary, Certified Record (C.R.) at 1.) It was recommended that Williams attend Boot Camp. (*Id.*) On February 7, 2018, Williams graduated from Quehanna Motivational Boot Camp and was released on parole. (Release on Parole, C.R. at 6.) On May 22, 2018, City of Pittsburgh Police arrested and charged Williams with two counts of manufacture, delivery, or possession with intent to manufacture or deliver, one count of tampering with or fabricating physical evidence, and two counts of intentional possession of a controlled substance by a person not registered. (Order of Sentence, C.R. at 17.) These charges, except the one count of manufacture, delivery, or possession with intent to manufacture or deliver, were later withdrawn. (*Id.*) Williams failed to post bail on the new charge. (Criminal Docket, C.R. at 42.) On May 23, 2018, the Board issued a Warrant to Commit and Detain Williams for violating his parole. (Warrant to Commit and Detain, C.R. at 13.) On May 2, 2019, Williams pled guilty to possession with intent to deliver heroin and was sentenced to 11 months and 15 days to 23 months of incarceration and received credit for 346 days served. (Criminal Docket, C.R. at 47.) The trial court also directed that Williams be paroled within 48 hours. (*Id.*)

On May 7, 2019, the Board issued a Notice of Charges and Hearing and scheduled a revocation hearing. (Notice of Charges and Hearing, C.R. at 26.) Williams waived his right to a revocation hearing, waived his right to counsel at that hearing, and admitted to his new conviction. (Waiver of Revocation Hearing and

2

Counsel, C.R. at 30.) By action recorded June 4, 2019, the Board recommitted Williams to serve backtime of two years, eight months, and three days or 979 days. (Notice of Board Decision, C.R. at 52.) The Board credited Williams for time spent at liberty on parole from February 7, 2018, to May 23, 2018, for a "[p]ositive [s]upervision [h]istory with few or no sanctions." (Revocation Hearing Report, C.R. at 36.) Accordingly, Williams's backtime began on May 2, 2019, his Custody for Return date, and his maximum date was recalculated to January 5, 2022. (Order to Recommit, C.R. at 54.)

On June 19, 2019, Williams filed a pro se Administrative Remedies Form and attached a Petition for Administrative Review, which the Board received on July 15, 2019. (C.R. at 56-58.) Williams alleged that the Board erred by failing to follow the presumptive ranges listed in 37 Pa. Code §§ 75.1-75.2. (Petition for Administrative Review ¶ 5, C.R. at 57.) According to Williams, it is the severity of the offense that determines the presumptive range. (*Id.*) He argued that possession with intent to distribute heroin carries a maximum term of five years and a presumptive range of 9 to 15 months, and there were no aggravating factors for the Board to go beyond this presumptive range. (*Id.* ¶¶ 5-6.)

The Board responded to Williams's Request for Administrative Relief by mail on December 26, 2019, and again on January 23, 2020, due to an undeliverable letter. (Response to Administrative Remedies, C.R. at 60, 62.) The Board explained to Williams that the maximum term for the offense of possession with intent to distribute heroin is 15 years because heroin is a Schedule I controlled substance. (*Id.* at 63.) According to the Board, an offense that carries a maximum term of 15 years has a presumptive recommitment range of 24 to 36 months. (*Id.*) The Board further

3

explained that it recommitted Williams to serve backtime of two years, eight months, and three days, which falls within the presumptive range for his offense. (*Id.*)

On February 18, 2020, Williams filed a pro se Petition for Review in this Court. Williams challenged the Board's January 23, 2020 Order affirming its June 4, 2019 decision raising similar arguments made in his Petition for Administrative Review. Williams predominantly claims that the Board erred by going beyond the presumptive range because possession with intent to distribute heroin carries a maximum of five years and there were no aggravating circumstances for the Board to exceed the presumptive range. (Petition for Review ¶¶ 6, 8, 11.) Williams argues that it is the severity of the conduct that determines the presumptive range, not the severity of the punishment, and cites *Rodriguez v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1997 C.D. 2015, filed March 28, 2016), as precedent.[2] (*Id.* ¶ 9.)

On February 4, 2020, Counsel filed an Application to Withdraw on the grounds that the Petition for Review lacks merit. In support, Counsel also filed a No-Merit Letter, which she sent to Williams along with the Application to Withdraw, detailing her review of the Certified Record and relevant law. After summarizing the relevant factual and procedural history, Counsel addressed the argument[3] raised by Williams in the Petition for Review. Counsel acknowledged the Board's authority, pursuant to 37 Pa. Code § 75.2, to recommit Williams as a CPV and to recalculate his maximum sentence according to the presumptive ranges.

---

[2] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court, while not binding, may be cited for its persuasive value.

[3] In the Application to Withdraw, Counsel states that Williams raised one issue on appeal, and in the No-Merit Letter she states that Williams raised two issues. Because Counsel analyzes the predominant issue of whether the Board erred in its presumptive range calculation, we will consider that issue for the purposes of this opinion.

4

(No-Merit Letter at 3.) Counsel also recognized Williams's contention that there were no aggravating circumstances justifying the Board to go beyond the presumptive range by acknowledging the Board's authority to aggravate presumptive ranges based on each CPV's circumstances. (*Id.*) Counsel then explained that under 37 Pa. Code § 75.2, the presumptive range for a felony drug law violation with a statutory maximum sentence of 15 years is 24 to 36 months. (*Id.*) Counsel stated that Williams was arrested for possession with intent to distribute heroin, a Schedule I controlled substance. (*Id.* at 3-4.) An offense involving a Schedule I controlled substance carries a statutory maximum sentence of 15 years. (*Id.* at 4.) Therefore, Counsel explained, the Board's recommitment of two years, eight months, and three days of backtime falls within the presumptive range. (*Id.*)

Having concluded that the Petition for Review lacks merit, Counsel informed Williams, by letter dated February 2, 2021, of his right to hire another attorney or to file a brief on his own behalf raising any new points he might deem worthy of consideration. (Application to Withdraw ¶ 7.) Williams did not file a brief on his own behalf.

Before appointed counsel may withdraw from representation in a case in which the right to counsel does not derive from the United States Constitution, such as here, counsel must submit a *Turner* or no-merit letter that contains: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 24-25 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner a copy of the no-merit letter, "a copy of counsel's petition to

5

withdraw," and a statement advising the petitioner of his right to proceed with new counsel or pro se. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Once counsel satisfies the procedural requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Id.*

Counsel has complied with the procedural requirements of *Turner*. As we have set forth above, Counsel has explained the nature and extent of her review of the record, addressed the issue Williams raised in his administrative appeal to the Board and in his Petition for Review, and provided an analysis for her conclusion that Williams's appeal is without merit.[4] Counsel served copies of both the Application to Withdraw and the No-Merit Letter on Williams. In the No-Merit Letter, Counsel has informed Williams that he may retain substitute counsel or file a brief on his own behalf. Thus, Counsel has satisfied the procedural requirements of *Turner*, and we now turn to Williams's Petition for Review to determine, independently, whether the Board erred in its January 23, 2020 Order.[5]

Section 6138(a) of the Prisons and Parole Code provides, in relevant part, that

---

[4] Counsel's recognition, albeit cursory, of Williams's contention that there were no aggravating circumstances for the Board to go beyond the presumptive range is sufficient in this instance. In *Stroud v. Pennsylvania Board of Probation and Parole*, 196 A.3d 667 n.6 (Pa. Cmwlth. 2018), this Court held "[t]o the extent that [c]ounsel's cursory reference to that issue may be an error, it is harmless error in this instance . . . even if [c]ounsel and this Court addressed that issue, [the petitioner's] claim would fail." Here, the Board did not go beyond the presumptive range; therefore, we need not analyze whether the Board explained that aggravating circumstances were present. *See Davis v. Pa. Bd. of Prob. & Parole*, 579 A.2d 1372, 1374 (Pa. Cmwlth. 1990) (stating "aggravating evidence need **only** be set forth in the order where the recommitment time **actually imposed** . . . **exceeds** the presumptive range" (emphasis added) (quoting *Corley v. Pa. Bd. of Prob. & Parole*, 478 A.2d 146 (Pa. Cmwlth. 1984))).

[5] Our standard of review in parole revocation cases "is limited to determining whether the Board committed a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence." *Lee v. Pa. Bd. of Prob. & Parole*, 885 A.2d 634, 637 (Pa. Cmwlth. 2005) (citing *Slaymaker v. Pa. Bd. of Prob. & Parole*, 768 A.2d 417 (Pa. Cmwlth. 2001)).

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

. . . .

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole[.]

61 Pa.C.S. § 6138(a). In addition, our Supreme Court held in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), that if a CPV "remain[ed] incarcerated prior to trial because he [] failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." Here, the Board recommitted Williams as a CPV to serve the remainder of his term that he would have been compelled to serve had parole not been granted in accordance with Section 6138(a)(1), (2). The Board, in its discretion, **credited** Williams with time spent at liberty on parole in accordance with Section 6138(a)(2.1). Because Williams did not post bail on his new charges, in accordance with *Gaito*, the time he spent in custody on those charges was credited towards **his new** sentence.

The Pennsylvania Supreme Court has held that "[a]s long as the period of recommitment is within the presumptive range for the violation," the Court "will not

entertain challenges to the propriety of the term of recommitment." *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990). The presumptive ranges for CPVs are found in Section 75.2 of the Board's regulations, 37 Pa. Code § 75.2. The presumptive recommitment range for a felony drug violation with a statutory maximum sentence of 15 years is 24 to 36 months. *Id.* Williams was arrested for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance. *See* Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (The Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30). Specifically, the substance Williams possessed was heroin, and pursuant to Section 4(1)(ii)(10) of The Drug Act, heroin is a Schedule I controlled substance. 35 P.S. § 780-104(1)(ii)(10). Schedule I controlled substances carry a maximum of 15 years' imprisonment. 35 P.S. § 780-113(a)(30), (f)(1). Accordingly, under Section 75.2, the presumptive recommitment range for possession with intent to distribute heroin is 24 to 36 months. For this reason, Williams's contention that there were no aggravating circumstances to go beyond the presumptive range is without merit because the Board recommitted Williams within the presumptive range for his offense.

Williams misguidedly argues that it is the severity of the conduct that determines the presumptive range and cites *Rodriguez* as support. *Rodriguez* is distinguishable from this case because, in that case, the offense was committed in another state. *Rodriguez*, slip op. at 2. The Board in *Rodriguez* had to "appl[y] the range of closely related offenses in Pennsylvania to come up with a presumptive range." *Id.*, slip op. at 5 (citation omitted). This Court explained that "for **out-of-state convictions**, 'it is the severity of the criminal conduct that determines the presumptive range[.]'" *Id.*, slip op. at 7 (quoting *Harrington v. Pa. Bd. of Prob. & Parole*, 507 A.2d 1313, 1315 (Pa. Cmwlth. 1986)) (emphasis added). Here,

8

Williams committed an offense in Pennsylvania, and the offense was explicitly listed in Section 75.2 of the Board's regulations. Therefore, *Rodriguez* is not applicable.

Based upon the foregoing, we conclude that Williams's Petition for Review is without merit. Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's January 23, 2020 Order.

 

 

 
_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon Williams,                                :
                    Petitioner           :
                             :
               v.                       :     No. 183 C.D. 2020
                             :
Pennsylvania Board of Probation and    :
Parole,                                          :
                 Respondent          :

## O R D E R

**NOW**, July 23, 2021, the Application to Withdraw Appearance filed by Autumn L. Johnson, Esquire is **GRANTED**, and the Order of the Pennsylvania Board of Probation and Parole dated January 23, 2020, is **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge