IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gaston Armanti Robertson-Stewart, : 
                 Petitioner : 
                 : 
     v. : 
                 : 
Pennsylvania Parole Board, : No. 1565 C.D. 2023
            Respondent : Submitted: November 7, 2024

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                 FILED: January 8, 2025

Gaston Armanti Robertson-Stewart (Robertson-Stewart), an inmate at a state correctional institution, petitions for review of a decision of the Pennsylvania Parole Board (Board) mailed on December 12, 2023 (December 2023 Board Decision), that denied Robertson-Stewart's *pro se* administrative appeal of a Board decision recorded on May 2, 2023, revoking Robertson-Stewart's parole. Also before us is the Application to Withdraw as Counsel (Application to Withdraw) of Kent D. Watkins, Esquire (Counsel), asserting that the petition for review is frivolous. For the following reasons, we grant the Application to Withdraw and affirm the December 2023 Board Decision.

## I. Background

On August 2, 2007, Robertson-Stewart received sentences to concurrent aggregate terms of incarceration of 9 years, 6 months to 19 years (First Robbery Sentence) and 8 years, 6 months to 17 years (Second Robbery Sentence) (collectively, the Original Sentences) after pleading guilty to robbery and related

charges. *See* Certified Record (C.R.) at 1 & 12-13. Robertson-Stewart's minimum and maximum sentence dates on the longer of the two sentences, the First Robbery Sentence, were February 27, 2015, and August 27, 2024, respectively.[1] *See* C.R. at 12. Robertson-Stewart was released on parole from the Original Sentences on January 23, 2017. *See* C.R. at 12-13.

On June 20, 2018, the Board issued a Warrant to Commit and Detain (First Warrant) for Robertson-Stewart, but the Board cancelled the First Warrant on July 16, 2019. *See* C.R. at 18-19. The Board issued a second Warrant to Commit and Detain (Second Warrant) on January 8, 2020, and Robertson-Stewart was arrested the following day, January 9, 2020, on new criminal charges (New Charges)[2] for which he did not post bail. *See* C.R. at 20, 23. By action dated February 6, 2020, the Board ordered Robertson-Stewart detained pending the disposition of the New Charges. *See* C.R. at 20-21.

On January 30, 2023, Robertson-Stewart pleaded guilty to the New Charges and received a sentence of time served to 23 months of incarceration followed by 5 years of probation. *See* C.R. at 23. The Board then released Robertson-Stewart from the Second Warrant by order dated February 1, 2023, and conducted a revocation hearing on April 28, 2023. *See* C.R. at 22 & 32-57.

---

[1] The Second Robbery Sentence had a minimum expiration date of February 27, 2014, and a maximum expiration date of August 27, 2022. *See* C.R. at 12.

[2] The New Charges included Persons Not to Possess Firearms, 18 Pa.C.S. § 6105(a)(1), Use/Possession of Drug Paraphernalia, 35 P.S. § 780-113(a)(32), and Manufacture, Delivery, or Possession of a Controlled Substance With Intent to Deliver, 35 P.S. § 780-113(a)(30). *See* C.R. at 23, 72.

By decision recorded on May 2, 2023 (May 2023 Board Decision),[3] the Board revoked Robertson-Stewart's parole as a convicted parole violator (CPV) and recommitted him to serve 36 months' backtime[4] on the Original Sentences. *See* C.R. at 107-08. The Board explained its reasoning for the recommitment as follows: "Reason: Conviction in a court of record established. Poor adjustment under supervision. Not amenable to parole supervision. Considered a threat to the safety of the community." C.R. at 107. The Board also denied Robertson-Stewart credit for the time he spent at liberty on parole because the New Charges involved a weapons charge. *See* C.R. at 108. The May 2023 Board Decision calculated Robertson-Stewart's parole violation maximum sentence date as June 16, 2029. *See id.* In its Order to Recommit dated May 5, 2023, the Board awarded the following time periods as credit towards Robertson-Stewart's backtime: January 8, 2020 through January 9, 2020 for the 1 day Robertson-Stewart was detained solely on the Second Warrant; December 9, 2021 through January 30, 2023, which represented the time during which Robertson-Stewart was incarcerated following his arrest for the New Charges until his return to custody on the Original Sentence on January 30, 2023, minus 23 months for the sentence imposed on the New Charges; and 26 days for the period of June 18, 2018 through July 16, 2018, during which period Robertson-Stewart was held on a warrant for criminal charges on which he was not later recommitted. *See id.* at 105.

---

[3] While recorded on May 2, 2023, the May 2023 Board Decision was mailed to Robertson-Stewart on May 11, 2023.

[4] "Back[time] is that part of an existing judicially[ ]imposed sentence which the Board directs a parolee to complete following a finding . . . that the parolee violated the terms and conditions of parole . . . ." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 499 (Pa. Cmwlth. 2012); *see also* 37 Pa. Code § 61.1 (defining backtime as "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled").

Robertson-Stewart submitted a timely *pro se* Administrative Remedies Form contesting the May 2023 Board Decision (Administrative Appeal). *See* C.R. at 109-19. In the Administrative Appeal, Robertson-Stewart: (1) challenged the range of his recommitment; (2) challenged the Board's authority to recalculate the maximum date of the Original Sentences; (3) requested that his sentence on the New Charges run concurrently with the Original Sentences; (4) challenged the amount of credit awarded toward his backtime; and (5) sought relief regarding his re-parole date as indicated in the May 2023 Board Decision. *See id.* The Board affirmed the May 2023 Board Decision in the December 2023 Board Decision forwarded on December 12, 2023. *See id.* at 122-24. In affirming the May 2023 Board Decision, the Board explained that

> [Robertson-Stewart] was paroled from the state correctional institution [(]SCI[)] on January 23, 2017[,] with a maximum date of August 27, 2024. This means that he was left with 2773 days remaining on [the O]riginal [S]entence[s] the day he was released. . . . [T]he Board's decision to recommit him as a . . . []CPV[] authorized the recalculation of his maximum date to reflect that he received no credit for the time spent at liberty on parole in this case, which means he owed 2773 days on [the O]riginal [S]entence[s] based on the recommitment.
>
> The record reveals that on January 8, 2020, the Board lodged its detainer against [Robertson-Stewart]. The following day (1/9/2020) he was arrested by local authorities in Lancaster County. He was arraigned on the [New Charges] and he did not post bail. On January 30, 2023, he was sentenced in Lancaster County Court of Common Pleas (docket CR-968-2020) to serve a new term of county incarceration of time served to 23 months as well as 5 years [of] probation.

Based on the above facts, [] Robertson-Stewart is entitled to pre-sentence credit on [the O]riginal [S]entence[s] for 1 day from January 8, 2020 to January 9, 2020. He is entitled to such credit because the Board held him solely on its detainer during that period. *Gaito v. Pa. B[d.] of Prob[. &] Parole*, 412 A.2d 568 (Pa. 1980). Also, considering that he was sentenced to a maximum term of 23 months, he is therefore entitled to credit toward [the O]riginal [S]entence[s] for any period he was confined in excess of those 23 months. *Martin v. Pa. B[d.] of Prob[. &] Parole*, 840 A.2d 299 (Pa. 2003). This means that the Board must apply 417 days of credit from December 9, 2021 (1/9/2020 + 23 months) to January 30, 2023 (the date of sentencing) toward [the O]riginal [S]entence[s]. He was also given confinement credit from June 20, 2018 to July 16, 2018 (26 days) because he was held on the Board's warrant for criminal charges that he was not recommitted on. Thus, he owed $2773 - 1 - 417 - 26 = 2329$ days on [the O]riginal [S]entence[s] based on the recommitment.

Because [] Robertson-Stewart was sentenced to county incarceration, the Prisons and Parole Code provides that he must serve [the O]riginal [S]entence[s] first. 61 Pa.C.S. §6138(a)(5).[5] Considering he already completed his 23-month county term prior to sentencing, and the Board applied proper credit pursuant to *Martin*, he therefore became available to commence service of [the O]riginal [S]entence[s] on January 30, 2023 when he was sentenced to county incarceration. Adding 2329 days to January 30, 2023 yields a recalculated maximum date of June 16,

---

[5] We observe that this is an incorrect statement of the law on the part of the Board. Where, as here, a person paroled from a State correctional institution is sentenced to a new term of incarceration in a county prison, "the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed." 61 Pa.C.S. § 6138(a)(5)(iii). We further observe, however, that the Board's error in this regard was harmless because the sentence Robertson-Stewart received on the New Charges was less than his time served on that latter sentence.

2029. Thus, the Board properly recalculated his maximum date.

Finally, [t]o obtain [] Robertson-Stewart's eligibility for re-parole date, the Board added the 36-month term to January 30, 2023, and subtracted the 418[ ]days of pre-sentence credit applied to [the O]riginal [S]entence[s]. Thus, his December 8, 2024 eligibility for re-parole date was also calculated properly.

C.R. at 123-24.

On December 29, 2023, Robertson-Stewart, through Counsel,[6] filed a timely Petition for Review with this Court. On March 14, 2024, Counsel filed a *Turner/Finley* letter[7] (*Turner/Finley* Letter) and the Application to Withdraw with this Court. The Court then filed an order informing Robertson-Stewart that he could either obtain substitute counsel at his own expense to file a brief on his behalf or he could file a *pro se* brief on his own behalf within 30 days of service of the order. *See* Commonwealth Court Order dated March 19, 2024. Robertson-Stewart neither secured private counsel nor submitted a brief on his own behalf. On October 10, 2024, the Court entered an order directing that Counsel's Application to Withdraw

---

[6] Counsel entered his appearance on Robertson-Stewart's behalf on August 21, 2023, during the pendency of his administrative appeal before the Board. *See* C.R. at 120. Robertson-Stewart is indigent, and Counsel is providing free legal service for the purpose of the instant appeal before this Court. *See* Application for Leave to Appeal In Forma Pauperis Pursuant to Pa.R.A.P. 553; *see also* Commonwealth Court Order dated January 29, 2024.

[7] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel files such a letter when seeking to withdraw from representation of a parole violator because the violator's case lacks merit, although it may not be "so anemic as to be deemed wholly frivolous." *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007)) (internal quotation marks omitted). Such letters have many names in the Commonwealth, including "no-merit letter," "*Finley*" letter, "*Turner* letter," and "*Turner/Finley* letter." *See Anderson*, 237 A.3d at 1204 n.2.

and the merits of the Petition for Review be submitted on briefs. *See* Commonwealth Court Order dated October 10, 2024.

## II. Issues

Counsel has identified five issues for this Court's review.[8] First, the Board employed an incorrect recommitment range; second, the Board lacks the authority to change the maximum date of Robertson-Stewart's sentences; third, the Board erred by not granting Robertson-Stewart's request that his sentence on the New Charge run concurrently with the Original Sentences; fourth, the Board erred in its calculation of credit for backtime served by Robertson-Stewart; and fifth, the Board erred in calculating Robertson-Stewart's re-parole date. *See* Pet. for Rev. ¶ 5; *see also Turner*/*Finley* Letter at 1, 5-10.

## III. Application to Withdraw

Before addressing the validity of the substantive arguments, we must assess the adequacy of the *Turner*/*Finley* Letter. As this Court has explained:

> A *Turner*[/*Finley*] letter must include an explanation of the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless. As long as a *Turner*[/*Finley*] letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client.

---

[8] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (internal citations, quotation marks, and original brackets omitted).

Here, Counsel has satisfied the requirements for a *Turner*/*Finley* letter. In the *Turner*/*Finley* Letter, Counsel indicated that he reviewed the certified record and researched applicable case law. *See Turner*/*Finley* Letter at 1, 10. Counsel identified the issues raised and explained why each lacks merit. *See Turner*/*Finley* Letter at 5-10. Counsel served Robertson-Stewart with a copy of the *Turner*/*Finley* Letter and Application to Withdraw and advised him of his right to retain new counsel or proceed *pro se*. *See Turner*/*Finley* Letter at 10; *see also* Application to Withdraw ¶ 6. Because Counsel complied with the technical requirements to request withdrawal, and because we agree that the appeal is frivolous as discussed *infra*, we grant the Application to Withdraw.

## IV. Discussion

### A. *Recommitment Ranges*

Robertson-Stewart first alleges that the Board employed incorrect recommitment ranges when recommitting him as a CPV. Title 37, Chapter 75 of the Pennsylvania Code (Code) sets forth the presumptive ranges for recommitment of convicted parole violators. *See* 37 Pa. Code §§ 75.1-75.2. The Code provides the following presumptive recommitment ranges for the offenses upon which Robertson-Stewart was recommitted as a CPV: Persons Not to Possess Firearms, 18 to 24 months; Use/Possession of Drug Paraphernalia, 3 to 6 months; and Manufacture, Delivery, or Possession of a Controlled Substance With Intent to Deliver, 9 to 15 months. *See* 37 Pa. Code § 75.2. These offenses yield an aggregate presumptive recommitment range of 18 to 45 months. As it is within the presumptive recommitment range, Robertson-Stewart's 36-month recommitment

term is not subject to challenge.  *See Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990) (holding that "[a]s long as the period of recommitment is within the presumptive range for the violation," the Court "will not entertain challenges to the propriety of the term of recommitment").  Thus, Robertson-Stewart's first challenge to the May 2023 Board Decision lacks merit.

## B. *Authority/Recalculation of Maximum Sentence Date*

In his second and fourth issues, Robertson-Stewart challenges the Board's authority to alter the maximum date of the Original Sentences and claims that the Board erred in its calculation of his backtime credits.

Section 6138(a)(1) of the Prisons and Parole Code (Prison Code)[9] allows the Board to recommit parolees who, while on parole, commit and are convicted of crimes punishable by imprisonment.  *See* 61 Pa.C.S. § 6138(a)(1). Further, Pennsylvania's General Assembly has expressly authorized the Board to recalculate the maximum date of a sentence beyond the original date, where such recalculation does not add to the total length of the sentence.  *See Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018) (explaining that the maximum length of the sentence, not the maximum sentence date, is controlling). Such a recalculation accounts for periods during which a prisoner is not actually serving his sentence.  *See Vann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed Apr. 10, 2018),[10] slip op. at 6.  It is well settled that, when recalculating the sentence of a CPV, the Board does not encroach upon judicial powers, but merely requires the parole violator to serve his entire sentence under the

---

[9] 61 Pa.C.S. §§ 101-7301.

[10] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

9

authority granted by the General Assembly. *Young v. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979) (explaining that the Board's recalculation of a CPV's sentence "is not an encroachment upon the judicial sentencing power"); *see also Ruffin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017), slip op. at 8-9 (citing *Young* for the proposition that "in exercising its power to recommit a parolee beyond the maximum date set by a sentencing court without allowing for credit for time spent at liberty on parole, the Board is not engaging in an unconstitutional usurpation of judicial power but rather is operating under the express authority granted to it by the General Assembly"). Thus, to the extent Roberston-Stewart suggests the Board lacked authority to recalculate his maximum sentence date, he is incorrect.

Further, the Board did not unlawfully alter Robertson-Stewart's original judicially imposed sentence, but instead simply required him to serve the remainder of that original sentence. The record indicates that, upon his parole, Robertson-Stewart had 2773 days remaining on the Original Sentences. Because the Board decided not to award him credit for time spent at liberty on parole, Roberston-Stewart still had the entire 2773 days remaining to serve on the Original Sentences upon his recommitment as a CPV. The Board awarded Robertson-Stewart credit for the one day he was held solely on the Board's detainer from January 8, 2020, through January 9, 2020. The Board also awarded Robertson-Stewart credit for the 417 days between December 9, 2021, and January 30, 2023, that he spent incarcerated in excess of the 23-month sentence imposed on the New Charges. The Board also awarded Robertson-Stewart a credit for the 26 days between June 20, 2018, and July 16, 2018, that he spent in custody for charges upon which he was not recommitted. These credits reduced the amount of time Robertson-Stewart owed on the Original

10

Sentences to 2329 days, which is the backtime the Board calculated and applied, yielding a recalculated maximum date for the Original Sentences of June 16, 2029. We find no error in the Board's calculations and thus no violation of Robertson-Stewart's rights.[11]

## C. *Concurrent Sentences*

In his third issue, Robertson-Stewart claims the Board erred by not running his backtime concurrently with the sentence for the New Charges. Simply put, the Prison Code does not allow a CPV to serve such sentences concurrently. *See* 61 Pa.C.S. § 6138(a)(5);[12] *see also Masker v. Pa. Dep't of Corr.* (Pa. Cmwlth.,

[11] We further observe that, while not expressly raised as such, any implicit claim that Robertson-Stewart was entitled to a credit against his backtime for the time he spent at liberty on parole would also lack merit. Parolees convicted of new criminal offenses committed while on parole are subject to recommitment as CPVs and may, in the Board's discretion, lose credit for *all* "time at liberty on parole," also known as "street time," upon recommitment. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017); *see also* 61 Pa.C.S. § 6138(a)(1)-(2.1) (explaining that if the parolee is recommitted as a CPV, the parolee shall be given no credit for the time spent at liberty on parole unless the Board, in its discretion, decides to award the time as provided therein). When exercising its discretion to deny CPVs street time credit, "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. However, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. Here, the Board exercised its discretion and denied Robertson-Stewart credit for street time because the New Charges involved weapons offenses. *See* C.R. at 107-08. This reason is adequate for the Board to exercise its discretion to deny Robertson-Stewart credit for time spent at liberty on parole. *See Hoover v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 609 C.D. 2017, filed February 15, 2019) (affirming the denial of street time credit for a convicted parole violator due to the assaultive nature of simple assault committed while he was on parole). Thus, the Board did not err in denying Robertson-Stewart credit for time spent at liberty on parole.

[12] Section 6138(a)(5) of the Prison Code provides:

> (5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

11

No. 243 M.D. 2020, filed Jan. 25, 2022), slip op. at 4 (noting that the Pennsylvania Supreme Court has held that a parole violator's backtime on an original sentence and his new sentence must be served consecutively). As such, the Board lacked power to run the sentence for the New Charges concurrently with the Original Sentences and Robertson-Stewart's claim lacks merit.

## D. *Re-Parole Eligibility Date*

Finally, regarding the calculation of Robertson-Stewart's re-parole eligibility date, the Board simply added the 36-month recommitment term to January 30, 2023, and subtracted the 418 days of presentence incarceration credits not accounted for by the sentence for the New Charges to Robertson-Stewart's backtime date. In other words, the Board adjusted the commencement of the service of his backtime to run from the actual date he became eligible to begin serving the backtime, which was December 8, 2021, and not from the date he returned to a State Correctional Institution, which was January 30, 2023. *See Brown v. Pennsylvania Bd. of Prob. & Parole*, 668 A.2d 218, 220-21 (Pa. Cmwlth. 1995) (holding that service of backtime began on date when parolee became eligible to serve his

<br>

> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a)(5).

12

sentence). Accordingly, as the Board has adjusted the commencement date for Robertson-Stewart's backtime to the date he actually became available to begin serving his backtime, we find no error in the Board's calculation of Robertson-Stewart's re-parole eligibility date and this claim fails as well.

## V. Conclusion

For the reasons discussed above, following our independent review of the record and applicable law, we agree with Counsel that Robertson-Stewart's issues on appeal lack factual or legal merit. Accordingly, we find the instant appeal to be frivolous and affirm the Board's denial of the claims contained in the Administrative Appeal and grant the Application to Withdraw.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gaston Armanti Robertson-Stewart,   :
                        Petitioner   :
                                      :
          v.                      :
                                      :
Pennsylvania Parole Board,        :    No. 1565 C.D. 2023
                    Respondent   :

# **O R D E R**

AND NOW, this 8th day of January, 2025, the Application to Withdraw as Counsel of Kent D. Watkins, Esquire, is GRANTED. The December 12, 2023 decision of the Pennsylvania Parole Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge