# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Cantwell,                            :
                    Petitioner              :
                                             :
          v.                                 :     No. 322 C.D. 2024
                                             :     Submitted: March 4, 2025
Pennsylvania Parole Board,                   :
                    Respondent               :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge (P.)
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER                     FILED:  April 24, 2025

        Michael Cantwell (Petitioner) petitions for review of the March 8, 2024 Order of the Pennsylvania Parole Board (Board) that found no grounds to grant administrative relief and affirmed the Board's prior decision recommitting Petitioner as a convicted parole violator (CPV) to serve 18 months, granting him partial credit for his time at liberty on parole (street time), and recalculating Petitioner's maximum date to July 8, 2030.  Petitioner's court-appointed counsel, Kent D. Watkins, Esquire (Counsel), filed an Application to Withdraw as Counsel (Application to Withdraw) and a no-merit letter, which are based on his conclusion that Petitioner's Petition for Review is without merit.  For the following reasons, we grant Counsel's Application to Withdraw and affirm the Board's Order.

        Petitioner was sentenced on January 26, 2011, by the Court of Common Pleas of Bucks County on a variety of criminal charges, including burglary and persons

not to possess firearms, to serve 5 years to 15 years, along with lesser concurrent sentences. (Certified Record (C.R.) at 1.) Petitioner's controlling minimum date was December 30, 2016, and controlling maximum date was June 30, 2028. (*Id.*) The Board paroled Petitioner, and he was released on parole on December 30, 2016. (*Id.* at 8-9.) After a delinquency, recommitments as both a technical parole violator (TPV) and CPV, and releases on reparole not relevant here, Petitioner was released on parole on January 3, 2019, with a new maximum date of December 1, 2028. (*Id.* at 13-14, 16-19, 21-22, 25-27.)

On November 27, 2019, the Board issued a Warrant to Commit and Detain Petitioner, based on an arrest by the Philadelphia Police Department, and detained Petitioner pending resolution of criminal charges by action dated January 29, 2020. (*Id.* at 34-35.) Ultimately, the Board canceled its detainer on October 5, 2020. (*Id.* at 36.) The Board declared Petitioner delinquent effective April 20, 2021, which was cancelled on May 26, 2021, and Petitioner continued on parole. (*Id.* at 37-38.) The Board again declared Petitioner delinquent effective August 6, 2021, issued a Warrant to Commit and Detain on August 23, 2021, and detained Petitioner pending disposition of criminal charges arising from an August 23, 2021 arrest, on September 8, 2021. (*Id.* at 39-41.) Petitioner's bail for the new charges was set on November 16, 2021, which he did not post. (*Id.* at 83.)

By action recorded on October 18, 2021, the Board recommitted Petitioner as a TPV for up to 9 months, and recalculated Petitioner's maximum date to December 18, 2028, to account for 17 days of delinquency (from August 6, 2021, to August 23, 2021). (*Id.* at 42-44.) Petitioner was convicted on March 31, 2023, for possession with intent to deliver, arising from the August 23, 2021 arrest, and was sentenced to 11 months, 15 days to 23 months, followed by 3 years' probation. (*Id.* at 51-52, 70.)

At his sentencing, Petitioner received 353 days credit against his new sentence, and on April 5, 2023, Petitioner was paroled from the new county sentence to the Board's detainer. (*Id.* at 88, 107.)

The Board issued a Notice of Charges and Hearing on June 14, 2023, based on the new conviction, and a revocation hearing was held with Petitioner proceeding with counsel. (*Id.* at 47, 49, 58-68.) Following the hearing, the Board issued its August 22, 2023 Decision recommitting Petitioner as a CPV to serve 18 months, granting Petitioner partial credit for his street time, and recalculating his maximum date as July 8, 2030. (*Id.* at 110, 112.) It explained the partial credit was due to Petitioner having absconded while on parole. (*Id.* at 113.)

Petitioner filed an Administrative Remedies Form, followed by a letter, in which he maintained the Board did not give him the correct backtime credit, the recommitment date was incorrect, and the maximum sentence was not properly recomputed, and the Board could not add the county sentence to his state sentence. (*Id.* at 114, 116.) The Board issued its March 8, 2024 Order, explaining its prior decision and why no administrative relief was available. It explained that when Petitioner was paroled on January 3, 2019, with a maximum date of December 1, 2028, which left him with 3,620 days remaining at that time. (*Id.* at 118.) The Board noted that while it was authorized to deny credit for all his street time, due to his status as a CPV, it gave Petitioner partial credit of 884 days (from January 3, 2019, to June 5, 2021), leaving him with 2,736 days remaining on his sentence. (*Id.*) Citing the dates relevant to its calculation, including its August 23, 2021 detainer, the November 16, 2021 bail on the new charges that remained unpaid, and Petitioner's sentencing and parole dates on the new charges, the Board gave Petitioner 85 days backtime credit from August 23, 2021, to November 16, 2021,

3

the time Petitioner was held solely on the Board's detainer pursuant to *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). (*Id.* at 118-19.) Subtracting those 85 days resulted in 2,651 days remaining on Petitioner's original sentence, which, when added to April 5, 2023, the date Petitioner was paroled from the county sentence that he had to serve first under Section 6138(a)(5) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(5), resulted in the new maximum date of July 8, 2030. (*Id.* at 119.)

Thereafter, Petitioner, with the assistance of Counsel, timely filed his Petition for Review with this Court. Therein, Petitioner asserted that the Board did not "give [P]etitioner credit for all time served exclusively pursuant to the [B]oard's warrant or while incarcerated" and "abused its discretion by failing to give [P]etitioner credit for all time in good standing." (Petition for Review ¶¶ 5-6.)

After the briefing scheduled was set, Counsel filed the Application to Withdraw on the basis that, upon his exhaustive review of the record, the Petition for Review is without merit and is without support in either fact or law. In support of the Application to Withdraw, Counsel also filed a letter dated May 29, 2024 (*Turner*[1] letter), which Counsel sent to Petitioner and the Board, along with the Application to Withdraw, detailing his review of the certified record and relevant case law. After detailing the relevant facts, Counsel addresses the issues raised in the Petition for Review, as well as those asserted in Petitioner's pro se filings to the Board.

Counsel first explains the Board properly determined the 2,651 days of backtime owed based on Petitioner's reparole date of January 3, 2019, his recalculated maximum date of December 18, 2028, the Board's discretionary award

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

4

of partial credit of 884 days for his street time, and the 85 days of backtime credit for the time Petitioner was confined solely on the Board's warrant. (*Turner* Letter at 9-10.) Further, Counsel explains that bail on the new charges was set on November 16, 2021, which Petitioner did not post. (*Id.* at 10.) Thus, when Petitioner was sentenced on March 31, 2023, and paroled from that sentence on April 5, 2023, the time between the setting of the bail and his parole would be credited on the county conviction. Accordingly, Counsel indicates the Board did not, as Petitioner asserted, add the county sentence to the state sentence as that time period could only be credited to the county sentence. (*Id.* at 11.)

Counsel further explains that requiring Petitioner to serve backtime, which refers to the portion of Petitioner's original sentence remaining at his parole, as a result of his CPV status, is consistent with *Yates v. Pennsylvania Board of Probation and Parole*, 48 A.3d 496 (Pa. Cmwlth. 2012). (*Id.*) Further, according to Counsel, ordering Petitioner to serve a portion of his backtime does not expand his judicially imposed sentence because it requires Petitioner to serve all or part of the time remaining on his sentence, not the addition of time to the total length of Petitioner's sentence. (*Id.* (citing *Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117 (Pa. Cmwlth. 2019)).)

Counsel reasons that the Board is authorized by Section 6138(a) to recommit Petitioner as a CPV due to his conviction of crime punishable by imprisonment while on parole and to, within its discretion, award or deny credit for his street time. (*Id.* at 12.) If the Board denies credit, it must articulate a reason for doing so pursuant to *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), which the Board did here. (*Id.* at 12-13.) *Pittman* requires, Counsel states, that the reason given be detailed enough to allow meaningful appellate review and that there

5

was no basis to appeal here based on *Pittman*. (*Id.*) Finally, Counsel reviews the Board's recalculation of Petitioner's maximum date, using the April 5, 2023 date as return-for-custody date, and concludes the July 8, 2030 date is correct. (*Id.* at 13.)

For these reasons, Counsel concluded that the Petition for Review lacked merit. Counsel served Petitioner with a copy of the Application to Withdraw and *Turner* letter and informed Petitioner that he had the right to hire another attorney or file a brief on his own behalf. (*Id.* at 13-14; 5/29/24 Certificate of Service.) Counsel also served Petitioner with a June 3, 2024 order of this Court informing Petitioner that he could obtain substitute counsel at his own expense or file a brief on his own behalf. (Commonwealth Court Order, 6/3/24; 6/4/24 Certificate of Service.) Petitioner neither obtained substitute counsel nor filed a brief on his own behalf.

Before appointed counsel may withdraw from representation in a case in which the right to counsel does not derive from the United States Constitution, such as here, the *Turner* or no-merit letter must contain: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 24-25 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner a copy of the *Turner* letter, "a copy of counsel's petition to withdraw," and "a statement advising the petitioner of his right to proceed *pro se* or by new counsel." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted). Once counsel satisfies the procedural requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Id.* (citation omitted).

Here, Counsel has complied with the procedural requirements of *Turner*. As we have set forth, Counsel has explained the nature and extent of his review of the

6

record, addressed the issues raised in the Petition for Review and those included in the pro se filings below, and provided an analysis of those issues and Counsel's reasons for concluding that they lack merit. Counsel served copies of both the Application to Withdraw and *Turner* letter on Petitioner and the Board. In Counsel's *Turner* letter and again pursuant to our June 3, 2024 order, Counsel informed Petitioner that he could retain substitute counsel or file a brief on his own behalf. Thus, Counsel has satisfied the procedural requirements of *Turner*.

We must now conduct our own review to determine whether, as Counsel has concluded, the Petition for Review is, in fact, without merit.[2] *Hughes*, 977 A.2d at 25.

1. **Whether the Board erred in not giving Petitioner credit for all time served solely on the Board's warrant or while incarcerated.**

In his Petition for Review, Petitioner first asserts that the Board did not give him credit for all time served exclusively pursuant to the Board's warrant or while incarcerated. At the time of his release on reparole on January 3, 2019, Petitioner's maximum date was December 1, 2028, leaving 3,620 days remaining on his sentence. The Board gave Petitioner a backtime credit of 85 days, from August 23, 2021, the date which it lodged its detainer, to November 16, 2021, the date Petitioner was formally charged with new criminal charges and did not post bail on those charges. Therefore, as of November 16, 2021, Petitioner was not incarcerated solely on the Board's detainer. Accordingly, the Board did not err because it credited Petitioner with the time for which he was incarcerated solely on the Board's detainer.

---

[2] We review the action of the Board for "whether the decision was supported by substantial evidence, whether an error of law occurred[,] or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017) (quoting *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)).

This is consistent with *Gaito*, in which the Supreme Court held that if the parolee has met bail on the new charges, but remains in custody **solely** on the Board's detainer, then the time the parolee spends in custody "shall be credited against [the] original sentence." 412 A.2d at 571. In contrast, if the parolee "remains incarcerated prior to trial because [the parolee] has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to [the] new sentence." *Id.* Similarly, when a parolee "[is] detained under both the Board's warrant and the new criminal charges, this time is properly allocated to his new criminal sentence." *Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 999 (Pa. Cmwlth. 2016). It is only if "it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence" may the excess time be applied to the parolee's original sentence. *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007) (emphasis omitted). The record indicates that Petitioner spent 500 days (or 16 months and 15 days) in pre-sentence confinement on the new charges, from November 16, 2021, through March 31, 2023, received credit for his pre-sentence confinement toward his new sentence, and, even if he had not received credit for the entire period, his period of pre-sentence confinement did not exceed the 23-month maximum sentence imposed on his new charges. Therefore, there is no basis under *Gaito* and its progeny for which Petitioner would be entitled to credit toward his original sentence beyond the 85 days he served solely on the Board's warrant.

Having concluded the Board did not fail to give Petitioner credit for all time served exclusively pursuant to the Board's warrant or would be otherwise entitled to under the law, the first issue raised by Petitioner is without merit.

8

**2. Whether the Board abused its discretion in not giving Petitioner credit for all of his street time.**

The second issue raised in the Petition for Review is whether the Board abused its discretion when it did not award Petitioner credit for all of his street time. Section 6138(a)(2.1) of the Code provides, relevantly: "The [B]oard may, in its discretion, award credit to [a parolee] recommitted [as a CPV] for the time spent at liberty on parole . . . ." 61 Pa.C.S. § 6138(a)(2.1). "[I]n reviewing the Board's discretionary acts, this Court will only overturn the Board's actions where the Board acts in bad faith, fraudulently, [or] capriciously or commits an abuse of its power." *Baldelli v. Pa. Bd. of Prob. & Parole*, 76 A.3d 92, 96 (Pa. Cmwlth. 2013). "Due to the broad discretionary powers granted the Board, we will only find that the Board made an arbitrary, capricious or unreasonable determination in the absence of substantial evidence in the record to support that determination." *Chapman v. Pa. Bd. of Prob. & Parole*, 484 A.2d 413, 418 (Pa. Cmwlth. 1984). To properly exercise its discretion, "the Board must articulate the basis for its decision" so that "an appellate court hearing the matter [] ha[s a] method to assess the Board's exercise of discretion," *Pittman*, 159 A.3d at 474, and the reason must be supported by the record evidence, *Plummer v. Pennsylvania Board of Probation and Parole*, 216 A.3d 1207, 1211 (Pa. Cmwlth. 2019).

Here, the Board granted Petitioner partial credit for his street time from January 3, 2019, to June 5, 2021, a period of 884 days. It denied Petitioner credit for other parts of his street time, citing Petitioner's history of having absconded while on parole. This reason is supported by the facts in the record, (C.R. at 13-14, 37, 39), and is sufficient to support the denial of credit, *Laffey v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 16 C.D. 2020, filed October 14, 2020), slip op. at 5-6 (concluding the Board did not err in denying the petitioner credit for

9

his street time because he absconded while under supervision).[3]  Accordingly, the second issue raised by Petitioner also lacks merit.

### 3. Whether the Board erred in adding Petitioner's county sentence to his original state sentence.

Petitioner also argued, in his Administrative Remedies Form, that the Board improperly added his county sentence to his original sentence.  Although Petitioner did not explain why or how he thought this happened, the record reflects, as discussed above, that Petitioner received credit on his new sentence, the county sentence, for his pre-sentence confinement during which he was held on both the Board's detainer and his failure to post bail on the new charges.  This is required by *Gaito* and its progeny.  Moreover, the order that Petitioner had to serve the two sentences is governed by Section 6138(a)(5)(iii) of the Code, 61 Pa.C.S. § 6138(a)(5)(iii),[4] which requires that he serve the county sentence before his original state sentence.  *Maracine v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No.

---

[3] *Laffey* is cited for its persuasive value in accordance with Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[4] Section 6138(a)(5) provides:

> (5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> **(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.**

61 Pa.C.S. § 6138(a)(5) (emphasis added).

10

957 C.D. 2011, filed Jan. 6, 2012); *Monroe v. Pa. Bd. of Prob. & Parole*, 725 A.2d 223, 225-26 (Pa. Cmwlth. 1999).[5] Thus, there is nothing in this record that supports Petitioner's contention that the Board improperly added his county sentence to his original state sentence. Accordingly, this issue is likewise without merit.

**4. Whether the Board improperly extended Petitioner's judicial sentence when it recalculated his maximum sentence date.**

Finally, Petitioner challenged the Board's recalculation of his maximum date following his recommitment as a CPV and asserted the new maximum date impermissibly extended his judicially imposed sentence. We begin with the latter contention. Under Section 6138(a)(1) and (2) of the Code, the Board was authorized to recalculate the amount of time that Parolee had left to serve on his original sentence. Our Supreme Court has held that the Board's recalculation of a parolee's maximum sentence is not a modification of his judicially imposed sentence, but a requirement to serve his entire original sentence. *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 845-48 (Pa. 1979); *see also Yates*, 48 A.3d at 502. Thus, the Board's recalculation of Petitioner's maximum date to account for the time remaining on his original sentence was not impermissible, but consistent with well-settled law.

As for the actual recalculation of Petitioner's maximum date, the Board correctly determined that the amount of time remaining on his original sentence at the time of his January 3, 2019, reparole was 3,620 days. It then subtracted from

---

[5] *Monroe* was interpreting the prior version of Section 6138(a)(5), Section 21.1(a) of the Act commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.31a(a). The Parole Act was repealed by the Act of August 11, 2009, P.L. 147, No. 33. The relevant language in Section 21.1(a) is identical to that in Section 6138(a)(5), stating: "In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed." *Formerly* 61 P.S. § 331.31a(a).

11

that time the 884 days of awarded street time credit and 85 days of backtime credit from the time he was incarcerated solely on the Board's detainer. This left 2,651 days remaining on Petitioner's original sentence for him to serve. The Board added these 2,651 days to April 5, 2023, the date the Board used as Petitioner's custody-for-return date, to set Petitioner's new maximum date as July 8, 2030. The Board's use of April 5, 2023, is consistent with precedent and the Code. Pursuant to Section 6138(a)(5)(iii), Petitioner had to serve his new county sentence before he could "commence[ serving] the balance of the term originally imposed." 61 Pa.C.S. § 6138(a)(5)(iii). Although Petitioner was sentenced on the new charge on March 31, 2023, and had served more than the minimum sentence on that charge (11 ½ months) by that date, he did not seek parole from that new sentence until April 5, 2023, and parole was granted the same day. (C.R. at 107.) It was on this date that Petitioner was "constructively paroled" on the new charge and became available to recommence service of his original sentence, 61 Pa.C.S. § 6138(a)(5)(iii). *See Yates*, 48 A.3d at 499 ("When a prisoner is administratively paroled from one sentence and, rather than being released from prison, is immediately reentered to serve another sentence, he has been constructively paroled."). Accordingly, we discern no error or abuse of discretion in the Board's recalculation of Petitioner's maximum date to July 8, 2030, and Petitioner's arguments are without merit.

Based upon the foregoing, we grant Counsel's Application to Withdraw and affirm the Board's Order.

_____
RENÉE COHN JUBELIRER, President Judge

12

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Michael Cantwell, : 
                 Petitioner : 
                                 : 
         v. :    No. 322 C.D. 2024
                                 : 
Pennsylvania Parole Board, : 
                 Respondent : 

## O R D E R

    **NOW**, April 24, 2025, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is **GRANTED,** and the Order of the Pennsylvania Parole Board, entered in the above-captioned matter, is **AFFIRMED**.

 

_____
RENÉE COHN JUBELIRER, President Judge